309 So.2d 500

**Clarence MOORE**

v.

**STATE.**

**3 Div. 298.**

Court of Criminal Appeals of Alabama.

Jan. 21, 1975.

On Motion March 4, 1975.

Elno A. Smith, Jr., Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Eric A. Bowen, Asst. Atty. Gen., for the State, appellee.

CLARK, Supernumerary Circuit Judge.

Appellant was indicted for possession of heroin, contrary to the provisions of "Act 1407, Section 401(a), Regular Session of the Legislature of Alabama, 1971," now found as Tit. 22, § 258(47), Code of Alabama Recompiled, 1973 Cumulative Supplement. After some preliminary motions of defendant were overruled, which rulings of the court are not questioned on this appeal and which we deem appropriate, defendant first entered a plea of not guilty. He thereafter withdrew his plea of not guilty and entered a guilty plea. The trial court adjudged him guilty as charged in the indictment and sentenced him to imprisonment in the penitentiary for a term of seven years. In the process, defendant requested probation, which request was denied after an investigation and report by the supervisor of the State Probation and Parole Office.

Defendant filed a motion "for a new trial or a rehearing," alleging that the sentence was excessive and that it was based upon inaccurate information and hearsay testimony contained in the pre-sentence report. The contentions in appellant's brief include in substance those stated in the motion for new trial and the additional contention "That the court erred in precluding the defendant or his counsel from inspecting the pre-sentencing report in this case."

■ Where a sentence is within statutory limits, as here, the appellate courts do not have revisory powers as to the severity of the sentence. Scott v. State, 247 Ala. 62, 22 So.2d 529; Philpot v. State, 43 Ala. App. 326, 190 So.2d 293.

■ On the hearing of the motion for a new trial, testimony was presented by defendant that while the probation and parole officer who compiled the pre-sentence report was making his investigation, said officer was given some incorrect derogatory information concerning defendant. There was no showing that such information was ever communicated to the trial court. The pre-sentence report does not contain such erroneous information. The claim or implication that this information came to the attention of the trial judge and that he was influenced thereby is not supported by any of the record.

■ Title 42, § 23, Code of Alabama provides:

"A probation officer shall investigate all cases referred to him for investigation by any court or by the board and shall report in writing thereon. . . . And provided, however, that in no case shall the right to inspect said report be denied the defendant or his counsel after said report has been completed or filed."

The record does not show any violation of the quoted provision of the statute in that it fails to show that either defendant or his counsel was denied the right to inspect the report.

Pursuant to our duty under Title 15, § 389, Code of Alabama, we have considered the entire record to determine whether it contains any error prejudicial to defendant even though not complained of on appeal. We find that in informing the defendant as to the maximum and minimum sentence that could be imposed upon him, the court stated that the *maximum is imprisonment for twenty years* and the minimum is imprisonment for two years. According to the section of the statute under which he was indicted, Title 22, § 258(47), Code of Alabama, 1973 Cumulative Supplement, a violation is punishable by imprisonment for

not less than 2 *nor more than 15 years.* We have in mind the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, as applied in subsequent cases, particularly Carter v. State, 291 Ala. 83, 85, 277 So.2d 896, 897, as follows:

"Subsequent to *Boykin,* supra, it has become established that the defendant must be informed of maximum and minimum possible sentences as an absolute constitutional prerequisite to acceptance of a guilty plea. Jones v. State, 48 Ala. App. 32, 261 So.2d 451 (1972); Spidell v. State, 48 Ala.App. 24, 261 So.2d 443 (1972); People v. Ingeneri, 7 Ill.App.3d 809, 288 N.E.2d 550 (1972); People v. Buck, 7 Ill.App.3d 758, 288 N.E.2d 548 (1972); United States ex rel. Hill v. United States, 452 F.2d 664 (5th Cir. 1971); Cooper v. State, 47 Ala.App. 178, 252 So.2d 104 (1971)."

Any argument that it can be inferred from the record that defendant knew the "penalties involved" is answered also by *Carter, supra,* wherein it was further stated:

"In light of this background, the precise issue in this case is whether the defendant's statement that he knew the 'penalties involved' is effective when the exact nature of those penalties (2–10 years in the penitentiary) was not stated on the face of the record.

"We think appellant's argument is well taken. The 'utmost solicitude' required by *Boykin,* supra, requires a showing not only that the defendant believed he knew the range of punishment, but that his belief was accurate. . . .

"We hold that a defendant, prior to pleading guilty, must be advised on the record of the maximum and minimum potential punishment for his crime.

"Appellee argues that the judgment entry shows that the defendant understood the 'range of the sentence.' This entry clearly refers to the answer of the defendant that he understood the 'penal-

ties involved,' discussed supra, and is no evidence of any further explanation of rights in the case."

Even if it could be correctly said at times that an inaccuracy as to the maximum or minimum potential punishment is so slight as to call for an application of the principle of *de minimis non curat lex,* this is not such a case. Nor can it be logically claimed that defendant was not injured by the mistake in view of the imposition of punishment well within the statutory maximum. Implicit in the reason for the requirement of compliance with *Boykin, supra,* as to apprising defendant of the maximum punishment is the necessity for affording him an opportunity to give adequate consideration to the possible extremity of the consequence if he pleads not guilty, as well as if he pleads guilty, so that he can determine voluntarily and intelligently whether he is willing to take the risk of such punishment by a trial on a plea of not guilty. We cannot say that defendant's failure to know that the maximum sentence that could be imposed upon him was fifteen years, instead of twenty years as incorrectly informed, had no influence upon his decision to withdraw his plea of not guilty.

██ Although we find that there was error in incorrectly informing defendant of the maximum punishment that would ordinarily lead to a reversal of the judgment of conviction, an additional problem is presented. It appears that possibly, if not probably, appellant is not asking for a reversal of the judgment of conviction. He apparently wants relief as to the extent of the sentence imposed and as to the denial of his request for probation, which, as stated above, we cannot grant. In the conclusion of his brief, counsel for appellant asks that this case "be reversed and remanded back to the Circuit Court of Montgomery County, Alabama, for a proper sentence." In his motion for a new trial or rehearing, he asks that the trial court "set aside the sentence rendered against the Defendant." His attack is upon the sentence and not

upon the judgment of conviction.[1] *Boykin, supra,* furnishes no basis for a relief as to the sentence alone. A failure to comply with the requirements of *Boykin* goes to the heart of the judgment of conviction. Even though failure to comply with *Boykin* ordinarily necessitates a reversal in the event of an appeal, *Boykin* does not require a reversal contrary to the enlightened will of a defendant. In this unusual, if not unprecedented, circumstance, we state at this time that (1) unless counsel for appellant unequivocally makes known to this Court within thirty days from the date of this opinion, by a document filed with the Clerk of this Court with copy to counsel for appellee, that appellant voluntarily and intelligently waives any right he may have to a reversal of the judgment of conviction and prefers for the judgment of conviction to stand and not be set aside and defendant again arraigned or (2) if and when counsel for appellant makes known to us by a similar method that appellant voluntarily and intelligently requests a reversal of the judgment of conviction, we presently intend to render a judgment reversing the judgment of conviction and remanding the case for a new trial. Upon a filing of a document as set forth in the first alternative, it is our present view that the judgment below should be affirmed. We expressly retain jurisdiction of the case for a determination after the filing of a document in accordance with either (1) or (2) above or after the expiration of the period of time stated, whichever is first, in the light of developments in the meantime. Our decision at that time should commence the period for the filing of any application for rehearing and fully protect the parties as to the right to petition the Supreme Court for a writ of certiorari to review the judgment to be rendered by this Court. We considered remanding the case to the trial court for a determination by the trial judge of the unresolved question, but we feel that it is not necessary to place that burden upon the trial judge and that we can resolve the question without doing so.

The foregoing opinion was prepared by Supernumerary Circuit Judge Leigh M. Clark, serving as a judge of this Court under paragraph 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court which is to be supplemented if and as deemed appropriate in the light of future developments prior to our rendition of a final judgment.

A final judgment of this Court is deferred to give appellant an opportunity to make known his position by the method stated above, and the Court retains jurisdiction of the cause until rendition of such a judgment by it after thirty days from the date of this opinion or after appellant has made known his position, whichever is first.

Decision stayed for thirty days.

All the Judges concur.

## ON MOTION

PER CURIAM.

Agreeably with our opinion of January 21, 1975, and on motion of the appellant, the judgment below is reversed and the cause is remanded for new trial.

Reversed and remanded.

All the Judges concur.

---

1. Even the action of defendant in purportedly taking an appeal is so indefinite as to suggest a question as to the validity thereof, that is, whether a valid appeal from the judgment itself was taken. As to this, however, we are persuaded that it should be so treated, in line with the rule expressed (and authorities cited) in 24A C.J.S. Criminal Law § 1711(4) as follows:
   "The notice of appeal must comply substantially with all the requisites of statutes or rules as to form and matters stated therein, but should be liberally construed in favor of its sufficiency."