William J. Baxley, Atty. Gen., and William A. Golinsky, Asst. Atty. Gen., for the State.

317 So.2d 532

**Willie C. KNIGHT**

v.

**STATE.**

**1 Div. 586.**

Court of Criminal Appeals of Alabama.

July 29, 1975.

Application for Rehearing Stricken,
Aug. 19, 1975.

CATES, Presiding Judge.

This is an appeal from a conviction of first degree forgery, resulting from a guilty plea, and a sentence of five years imprisonment.

Knight originally plead not guilty and a jury was struck and sworn when he manifested to the trial court a desire to withdraw his plea and plead guilty to the offense.

After Knight executed a written "REQUEST TO ENTER GUILTY PLEA," which explained his constitutional rights, and the trial court questioned him concerning his understanding of the same, the following occurred:

"MR. FRIEDLANDER: Judge I think the penalty for forgery first degree may possibly be two to twenty. I told Mr. Knight that it may be two to twenty.

THE COURT: I think it is two to twenty. Well as I understand the rec-

ommendation it will be well within the limits anyway, will it not?

MR. FRIEDLANDER: Yes sir."

The range of punishment for first degree forgery is *one* to twenty years imprisonment. 1940 Code, T. 14, § 207, as amended.

The Supreme Court of Alabama requires an accused's understanding of the maximum and minimum range of punishment before a plea of guilty is deemed voluntary. *Carter v. State,* 291 Ala. 83, 277 So. 2d 896. This court, in *Moore v. State,* 54 Ala.App. 463, 309 So.2d 500, held that the accused must be advised of the correct range of punishment.

While the minimum sentence was not grossly misrepresented to the accused and the sentence was within the statutory range, the range of punishment explained to the accused by his appointed counsel and acquiesced in by the trial court was harsher than the statutory range.

The judgment below is reversed and the cause is remanded for new trial.

Reversed and remanded.

All the Judges concur, except BOOK-OUT, J., who dissents.