**328 So.2d 655**

**Vernon ADERHOLT**

v.

**STATE.**

**8 Div. 752, 752A, 752B, 752C, 752D, 752E, 752F.**

Court of Criminal Appeals of Alabama.

March 9, 1976.

No appearance for appellant.

William J. Baxley, Atty. Gen., and Sarah M. Greenhaw, Asst. Atty. Gen., for the State.

BOOKOUT, Judge.

The instant appeal is from convictions, on guilty pleas, of seven offenses of violating the Alabama Worthless Check Act, Act No. 2479, Acts of Alabama 1971, approved October 1, 1971 (Title 14, § 234(9) et seq. 1973 Cumulative Pocket Part, Code of Alabama, Recompiled).

Separate complaints in each record show the amount of each check to be less than $100.00. Amendments to each complaint allege five prior convictions of passing worthless checks. The record in each case shows that prior to pleading guilty, the appellant was apprised that the range of punishment was, "imprisonment in the jail for not less than none nor more than 6 months for such offense; and for a fine of not less than $50.00 nor more than $100.00."

Appellant was sentenced to thirty days in jail and fined $75.00 on each case with the court's agreement that upon making restitution and paying the fine, the jail sentence would be suspended.

The Attorney General has filed a Motion to Consolidate the cases on appeal as they involve identical issues of law and fact. The Attorney General has likewise filed a Motion to Remand in that, "it affirmatively appears that the court did not properly advise the appellant of the minimum-maximum sentences as required in *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; *Carter v. State,* 291 Ala. 83, 277 So.2d 896; *Moore v. State,* 54 Ala. App. 463, 309 So.2d 500."

The proper range of punishment is set out in Title 14, § 234(20) Code, Recompiled, "CATEGORY I." The Attorney General's motions are hereby granted, the cases are consolidated on the instant appeal, and are hereby reversed and remand-

ed for compliance with *Boykin, Carter* and *Moore,* supra.

Reversed and remanded.

All the Judges concur.