DeCARLO, Judge.
This is an appeal from the judgments of conviction resulting from three guilty pleas.
The cases involved were: (1) sale of a controlled substance, “phencyclidine (PCP),” circuit court case number 75-CR-104; (2) possession of a controlled substance, “diazempam,” circuit court case number 76-CR-202; and (3) possession of marijuana for personal use, circuit court case number 9938.
In the felony cases the appellant received two four-year concurrent sentences. In the case involving the possession of marijuana for his personal use he received a six months’ sentence to run concurrently with the two four-year concurrent sentences.
Our examination of the record revealed that during the court’s explanation of the appellant’s constitutional rights, concerning the felony charges and their punishment, the court stated that the minimum punishment was imprisonment for two years and the maximum was imprisonment for twenty years. According to the section of the statute under which Liles was indicted, T. 22, § 258(47), Code of Alabama 1940, Recompiled 1958, 1973 Cum. Supp. To Vol. Six, a violation is punishable by imprisonment for not less than two nor more than fifteen years.
In Moore v. State, 54 Ala.App. 463, 309 So.2d 500, this court stated:
“ . . . that there was error in incorrectly informing defendant of the maximum punishment . . . [Emphasis added.]
The court also explained:
“ . . .We cannot say that defendant’s failure to know that the maximum sentence that could be imposed upon him was fifteen years, instead of twenty years as incorrectly informed, had no influence upon his decision to withdraw his plea of not guilty.”
In view of the foregoing we are compelled to reverse the judgment of conviction in circuit court case number 75-CR-104, and circuit court case number 76-CR-202. However, in the case involving the possession of marijuana for his personal use, circuit court case number 9938, we affirm, the constitutional requisites for a voluntary plea having been shown.
REVERSED AND REMANDED IN PART AND AFFIRMED IN PART.
All the Judges concur.