On March 29, 1995, the appellant filed a petition under Rule 32, Ala.R.Crim.P., challenging his conviction for the unlawful possession of a controlled substance and his sentence of 10 years' imprisonment, which was to run concurrently with his sentence on another conviction. The record indicates that the appellant pleaded guilty to the charged offense and that his conviction was affirmed by this Court on appeal. The trial court summarily denied the appellant's Rule 32 petition, stating, in pertinent part:
 "An appeal was taken to the Alabama Court of Criminal Appeals[, which] affirmed the judgment of the Circuit Court based upon [the appellant's] contention[s] that he was coerced into pleading guilty and . . . that the trial court should have held an evidentiary hearing. The Court by its decision found that his guilty plea should not be withdrawn because he failed to state a claim upon which relief could be granted."
Citing Rule 32.2, Ala.R.Crim.P., the trial court further stated that "[t]he matters complained of in the petition in this case were matters raised on appeal or which could have been raised on appeal."
The appellant argues that his Rule 32 petition is not precluded, for the following reasons: (1) he argues that his first appeal to this Court was an appeal from a motion to withdraw his guilty plea under Rule 24, Ala.R.Crim.P., rather than a direct appeal, and (2) he argues that the trial court lacked jurisdiction, because his guilty plea was involuntary and the trial court did not comply with Rule 14.4, Ala.R.Crim.P. In addition, he argues, his ineffective-assistance-of-counsel claim could not have been raised for the first time on direct appeal. The appellant also states the following claims: (1) that his guilty plea was not voluntary and intelligent because, he says, he was misinformed as to the class of the felony with which he was *Page 871 
charged and as to the minimum and maximum possible sentence, because both the Ireland form and the trial court stated that possession of a controlled substance was a Class B felony, which carried a 2- to 20-year sentence upon conviction, rather than a Class C felony with an one to ten-year possible sentence; (2) that he was denied effective assistance of counsel because, he says, his attorney provided him with incorrect information concerning the charge and the sentence and also allowed the trial court to similarly misinform him; (3) that the trial court erred in denying his May 19, 1995, motion to amend his petition in order to refute its finding of preclusion, in violation of Rule 32.7(d), Ala.R.Crim.P., which states that leave to amend shall be freely granted and as he was prepared to dismiss his pending appeal.
The initial determination to be made is whether the appellant's petition is procedurally barred. With regard to the claim that his initial appeal to this Court was not a direct appeal, the appellant is in error; his appeal was from the judgment entered upon his plea of guilty. See Rule 2.2(e)(5), Ala.R.Crim.P., which provides that a defendant may appeal from the "action of the court" after its acceptance of his guilty plea. With regard to his claim of lack of jurisdiction, he is also in error, because a defect in the entry of a guilty plea does not always go to jurisdiction, Bennett v. State,649 So.2d 214 (Ala. 1994), and as the alleged failure to comply with Rule 14.4, Ala.R.Crim.P., is procedural, not jurisdictional.
However, with regard to the appellant's remaining claims on the issue whether his petition is procedurally barred, the Alabama Supreme Court determined in Cantu v. State,660 So.2d 1026 (Ala. 1994), that a defect in a guilty plea may be challenged under Rule 32, Ala.R.Crim.P., if the challenge is brought within the limitations period of Rule 32. Here, the certificate of final judgment of affirmance was issued by this Court on March 6, 1995, and the present petition was filed on March 29, 1995. Therefore, the alleged error regarding sentencing information could properly be raised in the appellant's Rule 32 petition. In addition, the record indicates that the appellant was represented by the same attorney at the plea hearing and on direct appeal. Therefore, his claim of ineffective assistance also may be raised in the present petition. Finally, the appellant's claim of error with regard to his motion to amend is moot, because the issue of preclusion has been addressed by this Court.
The appellant's petition is due to be, and it is hereby, remanded to the trial court, in order for that court to examine the merits of the appellant's sentencing and ineffective assistance claims. On remand, the trial court may conduct such further proceedings or take such other evidence as it deems necessary. A return should be filed with this Court within 60 days after the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.