The appellant, John E. Pritchett, appeals from the trial court's summary denial of his petitions for post-conviction relief filed pursuant to Rule 32, Ala. R. Crim. P., in which he attacked his guilty plea convictions for theft by fraudulent leasing and escape in the second degree.[1] The appellant did not file a direct appeal from either conviction.
In his petition attacking his conviction for theft by fraudulent leasing, the appellant alleged the following as grounds for relief: (1) that because he "lacked the specific criminal intent" required to be guilty of theft, he was "indicted under an inapplicable statute," and, consequently, the trial court was without jurisdiction to render a judgment or to impose a sentence; (2) that his counsel was ineffective for advising him to plead guilty to a crime that "he could not lawfully be guilty of"; (3) that his guilty plea was not knowingly and voluntarily entered because "[t]here is no evidence that the petitioner knew at the time that he entered his plea that he was actually pleading guilty to a crime that it was impossible for him to have committed as it was alleged in the indictment"; (4) that his case should be "set for resentencing" because he was not present at a restitution hearing and the amount of restitution ordered was not supported by the evidence; and (5) that he failed to appeal through no fault of his own.
In his petition attacking his conviction for escape in the second degree, the appellant alleged the following as grounds for relief: (1) that the trial court was without jurisdiction to render judgment or to impose sentence because, he says, he was erroneously indicted for escape in the second degree when the facts established at most third-degree escape, a Class C misdemeanor; (2) that his counsel was ineffective for advising him to plead guilty to a crime that "he could not lawfully be guilty of"; (3) that his guilty plea was not knowingly and voluntarily entered because, he says, he was not informed of the correct range of punishment when pleading guilty; (4) that the state failed to give him adequate notice of the prior convictions that would be used to enhance his sentence under the Habitual Felony Offender Act; (5) that the trial court erred by increasing the court costs he was obligated to pay after sentencing; and (6) that he failed to appeal through no fault of his own.
The state filed motions to dismiss both petitions.
In its order denying the appellant's petition attacking his conviction for theft by fraudulent leasing, the trial court found, in part, as follows:
 "It appearing to the Court as to the grounds alleging a lack of jurisdiction by the Court to render judgment or impose sentence, ineffective assistance of counsel, a guilty plea unlawfully induced or not voluntarily made, and imposition of a sentence in excess of that authorized by law, that such grounds are without any basis in law or in fact because of the Defendant's confusion of the two mutually exclusive offenses of theft in the first degree and *Page 1302 
theft by fraudulent leasing, such erroneous assumptions causing the problems in the Defendant's own mind as reflected in his Petition and the same having no proper application in the instant matter; and
 "It further appearing to the Court as to the additional allegation complaining about restitution ordered in such cause, that the Order of the Court as to the same reflects an agreement between the Defendant and the State of Alabama as to the amount of restitution to be paid to the victim, to which agreement the Defendant was privy, and, because of such, the Defendant cannot now complain as to such; and
 "As to the additional ground alleging a failure to appeal within the time prescribed by law, and that such was without fault of the Defendant, such ground is without any basis in law or in fact due to the record in this cause reflecting that the Defendant was advised of his post-conviction rights by the Court at the time that he was sentenced, including the time period during which an appeal would have to be perfected, as well as his right to a free transcript and a Court-appointed attorney if he could not afford one; and, based upon all of the foregoing it cannot be said that failure to take an appeal in the instant case was through any fault other than that of the Defendant. . . .
". . . .
 "The Court having proceeded to review all of the foregoing, and upon due consideration thereof, IT IS HEREBY
 "ORDERED, ADJUDGED, AND DECREED BY THE COURT, that the Motion to Dismiss filed by the State of Alabama in this cause be and the same hereby is, GRANTED for the grounds heretofore stated, separately and severally."
(C. 43-44.)
In its order denying the appellant's petition attacking his conviction for escape in the second degree, the trial court found, in part, as follows:
 "It appearing to the Court that, with regard to the matters addressing themselves as to the grounds involving a lack of jurisdiction by the Court to render judgment or impose sentence, ineffective assistance of counsel, and a parcel of the matters dealing with an excessive sentence, that all of the foregoing are based on an erroneous and confused assumption by the Defendant of what he was charged with and the reading of the statute in question, the Defendant making reference in his pleading to escape in the first and third degree, but the instant case involving only an offense of escape in the second degree; and that the Defendant's allegation that he should only be guilty of a misdemeanor for escape third based on an attempt neglects to take into consideration the fact that escape includes not only escape but attempts thereof, and that an attempt to escape is also a felony rather than a misdemeanor as erroneously assumed by the Defendant; and, because of such faulty assumption on the Defendant's part, such grounds are without any basis upon which to grant relief under the instant Petition; and
 "It further appearing to the Court as to the ground alleging a plea of guilty unlawfully induced or not voluntarily made, that such ground has no basis in law or in fact inasmuch as the Defendant was sentenced to the minimum for which he could be as an habitual offender with three prior felony convictions pleading to a Class C felony, and that any purported error contained in the Ireland form executed by the Defendant was cured at the time that the sentence in question was imposed; and it further appearing to the Court that, notwithstanding all of the foregoing, that the Defendant cannot now claim that he was not aware of the same inasmuch as he had acknowledged such in a prior correspondence to another Judge of his Circuit, his own attorney, and the District Attorney for this Circuit proposing a plea arrangement which included the sentence that the Defendant received, and which said correspondence has been previously attached as an exhibit to the State's Motion to Dismiss, and, based upon the same, such ground is *Page 1303 
found by the Court to have no merit or basis upon which to grant relief, and
 "It further appearing to the Court as to the matter alleging a failure to give notice of the use of the Alabama Felony Habitual Offender Act, that such failure to give notice has no import when the Defendant stipulates to prior felony convictions, and which the Defendant did in the instant situation; and
 "It further appearing to the Court as to the matter alleging the taxing of additional costs against the Defendant, that the Defendant again erroneously assumes that the cost in the case assessed are only FIFTY DOLLARS ($50.00), when, in fact, such fifty dollar assessment was for the Crime Victims Commission, and that the remaining assessment was the actual costs in the case, and that a taxing of the same is found in the Order of the Court in the official Court file in this matter, and, because of such, the same is not sufficient to warrant any relief as to the same; and
 "It further appearing to the Court as to the ground alleging a failure to appeal within the time prescribed by law and that such was without fault of the Defendant, that the Defendant does not include a clear and specific statement or give a full disclosure of the factual basis in support of the same, and failing to do so, such is not sufficient to warrant any further proceedings before this Court pursuant to the provisions of Rule 32.6(b), Alabama Rules of Criminal Procedure; and, notwithstanding the foregoing, the official Court record in this cause reflects that the Defendant was advised of his post-conviction appellate rights, and his failure to exercise the same could have been through no failure other than that of the Defendant; and
". . . .
 "The Court having reviewed all of the foregoing, and upon due consideration thereof, IT IS HEREBY
 "ORDERED, ADJUDGED, AND DECREED BY THE COURT, that the Motion to Dismiss filed by the State of Alabama in this cause be and the same hereby is, GRANTED for the grounds heretofore stated, separately and severally."
(C. 115-17.)
We hold that, with the exception of the appellant's claim that his guilty plea to the offense of escape in the second degree was not knowingly and voluntarily entered, all claims in the appellant's petitions were correctly denied for the reasons set forth by the trial court. Our review of the record convinces us that the trial court correctly found that the jurisdictional claims alleged in the appellant's petitions were without any basis in law or fact. The appellant's arguments as to these claims consist largely of misconstructions of the statutes under which he was indicted and misreadings of the applicable case law. Those arguments do not merit a detailed discussion in this opinion. The indictments are regular on their face and properly charge crimes. The appellant entered guilty pleas to the offenses as charged in the indictments. Insofar as the appellant alleges in his petitions that the facts in each case did not establish his guilt of the crimes charged, the appellant's claims are not truly jurisdictional. Therefore, the trial court was correct when it further found (C. 44, 117; not quoted above) that the claims were precluded by Rule 32.2(a)(3) and (5), Ala. R. Crim. P., because they could have been, but were not, raised at trial and on appeal.
A reading of the record shows that the appellant's claim of ineffective assistance of counsel, as alleged in both petitions, was predicated entirely on his misreading of the statutes under which he was indicted and his misreading of the relevant case law. The same is true of the appellant's claim that his guilty plea to the offense of theft by fraudulent leasing was not knowing and voluntary. Accordingly, the trial court correctly found these claims to be without any basis in law or fact.
The appellant failed also to meet his burden of proof as to his claim concerning the restitution he was ordered to pay in the *Page 1304 
theft by fraudulent leasing case. The same is true as to the appellant's claims in the second-degree escape case that he did not receive adequate notice of the prior convictions that would be used to enhance his sentence and that the trial court erred by increasing the amount of court costs he was obligated to pay. These claims are clearly refuted by the record and were correctly rejected for the reasons stated in the trial court's orders denying the appellant's petitions. Where the trial judge has personal knowledge of the facts underlying allegations in a Rule 32 petition, the judge may deny the petition without further proceedings "so long as he states the reasons for the denial in a written order." Sheats v. State, 556 So.2d 1094,1095 (Ala.Cr.App. 1989). Further, the claims were correctly denied because, as the trial court also found (C. 44, 117), they were precluded by Rule 32.2(a)(3) and (5), Ala. R. Crim. P.
Suffice it to say that the appellant's claims, in both petitions, that he failed to appeal his convictions through no fault of his own were correctly denied for the reasons stated by the trial court.
The appellant contends that his plea of guilty to the offense of escape in the second degree was not knowingly and voluntarily entered because, he says, he was misinformed about the minimum sentence he might face upon conviction for that offense. Escape in the second degree is a Class C felony. In this case, the appellant's sentence was subject to enhancement under the Habitual Felony Offender Act because the appellant had three prior felony convictions. (The appellant was aware that the Habitual Felony Offender Act would be applied to his sentence, and he admitted to his prior convictions.) Therefore, under § 13A-5-9-(c)(1), Ala. Code 1975, the appellant faced a minimum sentence of 15 years upon conviction. In support of his claim that he was misinformed about the minimum sentence he faced, the appellant attached to his petition a copy of what he purported to be the explanation of rights and plea of guilty form ("Ireland" form) that was executed before he entered his guilty plea. That form reflects, incorrectly, that "not less than life" (C. 79) was the minimum sentence that could be imposed upon the appellant for conviction of a Class C felony with proof of three prior felonies. The appellant contends that this misinformation induced him to plead guilty pursuant to a plea agreement calling for a 15-year sentence out of fear that if he were to proceed to trial and be convicted, he could receive no less than a life sentence. Accordingly, the appellant argues that his guilty plea was involuntary and that he should be allowed to withdraw the plea. In order for a guilty plea to be considered knowing and voluntary, the defendant must be properly advised of the minimum and maximum sentences possible. Henry v. State, 639 So.2d 583
(Ala.Cr.App. 1994); Rule 14.4, Ala. R. Crim. P.
Pursuant to the Alabama Supreme Court's holding in Cantu v.State, 660 So.2d 1026 (Ala. 1994), we are constrained to find that the appellant can raise this claim for the first time in his Rule 32 petition, even though it was a matter that could have been, but was not, raised in the trial court by a timely objection, a timely motion to withdraw the guilty plea, or a timely motion for a new trial. Consequently, the appellant's claim is not, as the trial court found (C. 117), precluded by the provisions of Rule 32.2(a)(3) and (5), Ala. R. Crim. P.
Furthermore, we cannot agree with the trial court's reasoning in its order denying this claim that simply because the appellant received the minimum sentence possible under the circumstances, 15 years in prison, any misinformation on the explanation of rights form was harmless. The misinformation on the form could nonetheless have induced the appellant to forgo his right to proceed to trial — and to possibly be acquitted — out of fear that a conviction following a jury trial would result in his being sentenced to no less than life in prison. Nor are we convinced that the appellant was aware, simply because he actively pursued the plea agreement calling for a 15-year sentence, that should he go to trial and be convicted, *Page 1305 
his resulting sentence could be as little as 15 years in prison instead of the minimum of "life" as reflected on the explanation of rights form.
The trial court additionally found that any error in the explanation of rights form was "cured at the time the sentence in question was imposed." (C. 116.) However, we are uncertain, from the record before us, whether the appellant was properly advised of and aware of the minimum sentence before he entered his guilty plea. Due in part to the appellant's failure to file a direct appeal from his guilty plea conviction for escape in the second degree, we do not have before us at this time a transcript of the entire guilty plea proceedings from which to determine if the misinformation on the explanation of rights form was cured during the trial court's Boykin[2] colloquy with the appellant. We do not foreclose the possibility that the state may be able to demonstrate, through a transcript of the guilty plea proceedings or through some other persuasive evidence, that despite any misinformation on the explanation of rights form, the appellant was properly informed and aware of the minimum sentence he faced upon conviction. We find only that the trial court's otherwise thorough and well-reasoned order has not adequately addressed the appellant's claim in this regard.
Because we are unable to determine the merits of the appellant's claim based on the record before us, we remand this cause to the trial court in order for that court to examine the merits of the claim and to conduct such further proceedings or take such evidence it deems necessary. Should the trial court deny the appellant's claim, the trial court should state its reasons for so doing in a written order. A return should be filed with this court within 56 days after the release of this opinion.
REMANDED WITH DIRECTIONS.*
All the Judges concur.
[1] The appellant was indicted for theft by fraudulent leasing, a violation of § 13A-8-140, Ala. Code 1975. In May 1993 he entered a guilty plea to the offense as charged in the indictment. His Rule 32 petition challenging his conviction of that charge was filed in April 1995. The appellant was indicted for escape in the second degree, a violation of § 13A-10-142, Ala. Code 1975. He entered a guilty plea to that offense as charged in the indictment in January 1994. His Rule 32 petition challenging his conviction of that charge was also filed in April 1995. His appeals from the orders of the trial court denying his petitions have been consolidated.
[2] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274
(1969).
* Note from the Reporter of Decisions: On October 11, 1996, on return to remand, the Court of Criminal Appeals affirmed, without opinion.