The appellant, Michael Lewis Heard, was indicted for first degree robbery, a violation of § 13A-8-41, Ala. Code 1975. In the indictment, the State alleged that the appellant robbed the Top Dollar Pawn Shop while armed with a handgun and shot the store clerk during the commission of this crime. Although the appellant initially pleaded not guilty at his arraignment, he later withdrew this plea and entered a plea of guilty. At the sentencing hearing, the appellant, represented by counsel other than the counsel who had represented him at the guilt stage proceeding, moved to withdraw his guilty plea. The trial court held a hearing on this motion and after taking evidence denied the appellant's motion to withdraw his guilty plea. The appellant was sentenced to 25 years' imprisonment.
The appellant argues that he should have been allowed to withdraw his guilty plea, because, he says, the trial judge did not adequately advise him of the maximum and minimum sentence he could receive by entering a guilty plea, as required by Rule 14.4(a)(1)(ii), Ala.R.Crim.P., and Boykin v. Alabama,395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Specifically, the appellant argues that the trial court, when undertaking a colloquy with the appellant to ensure that he understood the consequences of entering a guilty plea, incorrectly advised him as to the minimum sentence he could receive for this crime. A review of the record shows that the following exchange occurred between the trial court and the appellant *Page 213 
before the trial court accepted the appellant's guilty plea:
 "THE COURT: You understand that the range of punishment for the offense . . . which you are pleading guilty to is a sentence of not less than 10 years nor more than 99 years to the state penitentiary, to which could be added a fine of up to $20,000. You understand that?
"Appellant: Yes Sir.
 "THE COURT: Knowing and understanding these things, is it your desire to plead guilty to this charge?
"Appellant: Yes Sir."
As can be seen from the preceding discourse, the trial judge informed the appellant that the minimum sentence that could be imposed was not less than 10 years. However, the appellant is correct that the minimum sentence that could be imposed for this crime is 20 years. This is because § 13A-8-41, Ala. Code 1975, specifies that first degree robbery is a Class A felony, and § 13A-5-6(a)(4), Ala. Code 1975, mandates that a criminal defendant convicted of a Class A felony in which a firearm or a deadly weapon was used must be sentenced to a minimum term of imprisonment of 20 years. Therefore, the relevant question to be resolved in this appeal is whether the trial court's error in telling the appellant that the minimum sentence he could receive was 10 years' imprisonment requires that the appellant be allowed to withdraw his guilty plea.
We believe that the erroneous information given to the appellant by the trial judge concerning the minimum sentence that could be imposed for a conviction of first degree robbery requires reversal. In Carter v. State, 291 Ala. 83,277 So.2d 896 (1973), the Alabama Supreme Court held that "a defendant, prior to pleading guilty, must be advised of the maximum and minimum potential punishment for his crime" by the trial court in order to sustain a ruling that the defendant voluntarily entered a guilty plea. See, Gordon v. State, [Ms. 94-1429, August 23, 1996] ___ So.2d ___ (Ala.Cr.App.); Pritchett v.State, 686 So.2d 1300 (Ala.Cr.App. 1996); Knight v. State,55 Ala. App. 565, 317 So.2d 532 (1975); Moore v. State, 54 Ala. App. 463, 309 So.2d 500 (1975). This holding is supported byBoykin and Rule 14.4, Ala. R.Crim. P. The rule that the trial judge conduct a colloquy with the defendant before accepting a guilty plea ensures that a criminal defendant is adequately advised of his rights so that he may make a voluntary and intelligent decision to enter such a plea. We cannot agree with the State's argument that because the appellant was informed of the 20 year minimum sentence by his attorney the trial court's error does not require reversal. Such a holding would frustrate the requirement of Rule 14.4, Ala.R.Crim. P., that mandates that a trial judge inform a criminal defendant of the consequences of entering a guilty plea so as to ensure that the entry of a guilty plea is a voluntary and intelligent decision.
Based on the foregoing, the decision of the Talladega Circuit Court is reversed and the cause remanded to that court.
REVERSED AND REMANDED.
McMILLAN, LONG, and COBB, JJ., concur.
TAYLOR, P.J., concurs specially.