The appellant, Ella Jones, pleaded guilty to, and was convicted of, one count of the unlawful possession of marijuana for personal use, a violation of § 13A-12-214, Code of Alabama 1975; one count of the unlawful possession of a controlled substance, i.e., cocaine, a violation of § 13A-12-212, Code of Alabama 1975; and one count of failure to affix the appropriate tax stamps to the cocaine, a violation of § 40-17A-9, Code of Alabama 1975. She was sentenced to one year's imprisonment for the marijuana conviction, to two years' imprisonment for the cocaine conviction, and to one year's imprisonment for the conviction for the failure to affix tax stamps. Additionally, she was fined $1,000, pursuant to § 13A-12-280, Code of Alabama 1975, and $9,600, pursuant to § 40-17A-9, Code of Alabama 1975.
The appellant contends that her guilty plea was invalid because, she says, when she entered her plea, the trial court incorrectly advised her of the minimum and maximum punishment she could receive upon conviction. Specifically, the appellant argues that she was not advised that she would be sentenced as a habitual felony offender.
The transcript of the appellant's guilty plea colloquy is not included in the record on appeal. Our examination of the record reveals that although the appellant requested that a transcript of the plea colloquy be made a part of the appellate record, it was not included because neither the circuit clerk nor the court administrator could determine the identity of the court reporter who was present during the appellant's plea proceedings. (C. 30-31.)
We have carefully examined the record on appeal. Nowhere in the record is there any evidence that the appellant was correctly advised of the minimum and maximum range of punishment that she faced by pleading guilty. The "Explanation of Rights and Plea of Guilty" form executed by the appellant and included in the record did not advise her that she would be sentenced as a habitual offender. (C. 14.) Moreover, our examination of the record on appeal reveals that, at the appellant's sentencing hearing, the following occurred:
 "THE COURT: State v. Ella Louise Jones, [case no.] 98-232. We're sentencing on what here?
 "MR. DURASKI [defense counsel]: She has two Class C felonies, unlawful possession of a controlled substance and failure to affix the tax stamps, kind of a joint set of Class C's, and possession of marijuana in the second degree, which is a Class A misdemeanor. So the range of punishment on each of the Class C's would be a year and a day to 10.
 "MS. HARRIS [prosecutor]: She's got that one prior, though, Russ.
 "MR. DURASKI: Well, I have no indication that she has a prior felony, Judge. In fact, when she entered the plea, at the time that she entered the plea, she was advised that there were no felonies. And if [the] Habitual [Felony] Offender Act is going to be imposed, we move to withdraw the plea because the day that she entered her plea in front of Judge Thomas, the State indicated that they were not imposing the Habitual [Felony] Offender Act. So she was given a range of punishment that would be different —
"THE COURT: What was the range then?
 "MR. DURASKI: She was advised that the range of punishment would be a year and a day up to 10 years on each of the Class C's and up to 12 months for the Class A misdemeanor. Until I saw the presentence report today, I was aware of no prior felony. If there is one, it's 22 years old.
 "MS. HARRIS: Judge, I think that's the reason it was removed from the expedited docket, because they found that she did have a prior.
"THE COURT: What's the problem?
 "MR. DURASKI: The problem is this, Judge, when she entered her plea, she was advised of the range of punishment by Judge Thomas —
"THE COURT: Which was —
 "MR. DURASKI: — 1 to 10. If there's a Habitual Offender Act, invoked by the State, the range of punishment becomes 2 to 20. So she was advised of the wrong *Page 891 
range of punishment at the time the plea was entered. In light of that, I believe that would be grounds to withdraw the plea if the State intends to invoke the Habitual Offender Act. And I've seen those certified copies of a 22-year-old felony.
 "MS. HARRIS: Judge, I don't have it on me, but we do move to invoke the Habitual Offender Act.
 "THE COURT: This recommendation is within the range.
 "MR. DURASKI: I understand, Judge. But she's been advised — My position is, she was improperly advised at the time her plea was taken. You can deny my motion, I guess. But I'm preserving it for the record in the event she wants to appeal. I've got to preserve it.
 "THE COURT: I'm going to deny it. And this is what I'm going to do: I'm going to sentence you to two years in the penitentiary on two felony counts and one year in the penitentiary on the Class A misdemeanor. Sentence is to run concurrent."
(R. 2-4.)
This same issue was presented in Heard v. State, 687 So.2d 212
(Ala.Cr.App. 1996). We held that the appellant should have been allowed to withdraw his guilty plea because the trial court had incorrectly advised the appellant of the minimum and maximum sentence he faced upon pleading guilty. We stated, in pertinent part, as follows:
 "We believe that the erroneous information given to the appellant by the trial judge concerning the minimum sentence that could be imposed for a conviction of first degree robbery requires reversal. In Carter v. State, 291 Ala. 83, 277 So.2d 896 (1973), the Alabama Supreme Court held that `a defendant, prior to pleading guilty, must be advised of the maximum and minimum potential punishment for his crime' by the trial court in order to sustain a ruling that the defendant voluntarily entered a guilty plea. See, Gordon v. State, 692 So.2d 869
(Ala.Cr.App. 1996); Pritchett v. State, 686 So.2d 1300
(Ala.Cr.App. 1996); Knight v. State, 55 Ala. App. 565, 317 So.2d 532 (1975); Moore v. State, 54 Ala. App. 463, 309 So.2d 500 (1975). This holding is supported by Boykin [v. Alabama, 395 U.S. 238 (1969)] and Rule 14.4 Ala.R.Crim.P. The rule that the trial judge conduct a colloquy with the defendant before accepting a guilty plea ensures that a criminal defendant is adequately advised of his rights so that he may make a voluntary and intelligent decision to enter such a plea. We cannot agree with the State's argument that because the appellant was informed of the 20 year minimum sentence by his attorney the trial court's error does not require reversal. Such a holding would frustrate the requirement of Rule 14.4, Ala.R.Crim.P., that mandates that a trial judge inform a criminal defendant of the consequences of entering a guilty plea so as to ensure that the entry of a guilty plea is a voluntary and intelligent decision."
687 So.2d at 213; see also Peoples v. State, 651 So.2d 1125,1126-27 (Ala.Cr.App. 1994).
The state argues that the record does not adequately establish that the appellant was informed of the incorrect sentencing range, because no transcript of the plea colloquy was included in the record. The record affirmatively establishes that the appellant attempted to include in the appellate record the transcript of the plea colloquy. However, through no fault of the appellant's, a copy of the transcript was unavailable. Moreover, as seen above, the prosecutor did not dispute that the appellant was incorrectly advised of the correct minimum and maximum sentences she faced by pleading guilty, but merely stated that the appellant's prior felony conviction was not discovered until after the appellant entered her guilty plea. Given these circumstances, we believe that an adequate record exists to review the merits of the appellant's claim.
Based on the foregoing, we hold that the appellant's plea was involuntary because the court misinformed her as to her possible sentence. Accordingly, the judgment is reversed and this cause is remanded to the Circuit Court for Montgomery County so that the appellant may have the opportunity to withdraw her guilty plea, and to enter *Page 892 
another plea after she has been informed of the correct sentencing range.
REVERSED AND REMANDED.
Long, P.J., and McMillan, Cobb, and Baschab, JJ., concur.