KELLUM, Judge.
The appellant, Tashomba Rico Williams, was indicted by a Madison County grand jury for two counts of sexual torture, a violation of § 13A-6-65.1, Ala.Code 1975; two counts of sodomy in the first degree, a violation of § 13A-6-63, Ala.Code 1975; two counts of kidnapping in the first degree, a violation of § 13A-6-43, Ala.Code 1975; and one count of rape in the first degree, a violation of § 13A-6-61, Ala. Code 1975. On November 18, 2013, Williams entered a “blind plea” of guilty to one count of sexual torture, one count of first-degree sodomy, and one count of first-degree kidnapping; the remaining counts of the indictment were nolle *327 prossed by the State. The circuit court sentenced Williams to 99 years’ imprisonment for each conviction and ordered that the sentences run consecutively. The circuit court ordered Williams to pay $10,000 to the Crime Victims Compensation Fund and court costs.
On November 26, 2013, Williams filed a motion to withdraw his guilty plea. Williams stated no grounds for the withdrawal of his guilty plea. On December 9, 2013, the circuit court conducted a hearing on Williams’s motion to withdraw his guilty plea. At the hearing, Williams testified that he was not informed of the correct sentencing range before he pleaded guilty. The circuit court subsequently entered an order in which it denied Williams’s motion to withdraw his guilty plea. Williams, who was represented by newly appointed counsel at the time, filed a second motion to withdraw his guilty plea in which he argued that he did not have a full understanding of the minimum possible sentence the circuit court could impose. Williams argued that his plea was involuntary because he was informed that his minimum sentence was 10 years’ imprisonment, and that, because the State referenced Williams’s use of a firearm during the plea proceeding, a 20-year minimum sentence was applicable under § 13A-5-6, Ala.Code 1975. The circuit court denied Williams’s motion. This appeal followed.
On appeal, Williams contends that the circuit court erred in denying his motion to withdraw his guilty plea on the ground that his plea was not entered knowingly, voluntarily, and intelligently because, he argues, he was not properly advised of the minimum and maximum sentencing range before he entered his guilty plea. Specifically, Williams contends that his use of a firearm during the commission of the crimes mandated the imposition of the firearm enhancement in § 13A-5-6(a)(4), Ala. Code 1975, and that the circuit court incorrectly informed him that the minimum sentence he could receive was 10 years when, in fact, the minimum sentence he could receive was 20 years under the enhancement provision.
Rule 14.4, Ala. R.Crim. P., provides, in pertinent part:
“a) Colloquy With Defendant. In all minor misdemeanor cases, the execution óf a form similar to Form C-44B will be sufficient and no colloquy shall be required. In all other cases, except where the defendant is a corporation or an association, the court shall not accept a plea of guilty without first addressing the defendant personally in the presence of counsel in open court for the purposes of:
“(1) Ascertaining that the defendant has a full understanding of what a plea of guilty means and its consequences, by informing the defendant of and determining that the defendant understands:
[[Image here]]
“(ii) The mandatory minimum penalty, if any, and the maximum possible penalty provided by law, including any enhanced sentencing provisions.”
(Emphasis added.)
It is well established precedent that the circuit court must notify a defendant of the correct sentencing range when the defendant pleads guilty.
“ ‘The Alabama Supreme Court and this Court “have consistently held that a defendant must be informed of the maximum and minimum possible sentences as an absolute constitutional prerequisite to the acceptance of a guilty plea.” Ex parte Rivers, 597 So.2d 1308, 1309 (Ala.1991). It is well *328 settled, moreover, that “if the appellant’s sentence could be enhanced under any of the enhancement statutes, the appellant should be informed of the additional sentence he could receive under the applicable enhancement statute.” Elrod v. State, 629 So.2d 58, 59 (Ala.Cr.App.1993), citing Rivers. Accord, White v. State, 616 So.2d 399 (Ala.Cr.App.1993); Looney v. State, 563 So.2d 3, 4 (Ala.Cr.App.1989); Smith v. State, 494 So.2d 182 (Ala.Cr.App.1986).’”
Kennedy v. State, 698 So.2d 1174, 1177 (Ala.Crim.App.1997) (quoting Aaron v. State, 673 So.2d 849, 849-50 (Ala.Crim.App.1995) (emphasis added in Kennedy)).
Furthermore, this Court has stated:
“ ‘[T]he Alabama Supreme Court held that “a defendant, prior to pleading guilty, must be advised of the maximum and minimum potential punishment for his crime” by the trial court in order to sustain a ruling that the defendant voluntarily entered a guilty plea. See, Gordon v. State, 692 So.2d 869 (Ala.Cr.App.1996); Pritchett v. State, 686 So.2d 1300 (Ala.Cr.App.1996); Knight v. State, 55 Ala.App. 565, 317 So.2d 532 (1975); Moore v. State, 54 Ala.App. 463, 309 So.2d 500 (1975). This holding is supported by Boykin [v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)] and Rule 14.4, Ala. R.Crim. P. The rule that the trial judge conduct a colloquy with the defendant before accepting a guilty plea ensures that a criminal defendant is adequately advised of his rights so that he may make a voluntary and intelligent decision to enter such a plea.’ ”
Jones v. State, 727 So.2d 889, 891 (Ala.Crim.App.1998) (quoting Heard v. State, 687 So.2d 212, 213 (Ala.Crim.App.1996)).
The record reflects that, during the guilty-plea colloquy, the following took place:
“THE COURT: All right, do you understand that each of these three cases are Class A felonies and that upon your plea of guilty in each of these three caáes the Court would sentence you to the state penitentiary for a term of not less than 10 years by to no more than 99 years or life?
“[WILLIAMS]: I thought it was up to 99, that was my understanding. Ten to 99 is what you told me.
“THE COURT: The form you signed says 10 years or not more than life or 99 years.
“[WILLIAMS]: Yes, Your Honor.
“THE COURT: All right, and do you understand that the Court could choose to make those three sentences, whatever you get, run consecutively instead of concurrently?
“[WILLIAMS]: Yes, sir, Your Honor.
“THE COURT: What would the State expect the evidence to be in these three cases?
“[PROSECUTOR]: Had this case gone to trial, the State would have proven beyond a reasonable doubt that on or about October 17th into October 18th of 2009, the victim, [R.M.], was washing a car when Mr. Williams and another unidentified male drove past.
“The car stopped, the offender opened the door and pointed a gun at the victim and instructed her to get in the car. They took her against her will at that time.
“The offender then forced the victim to get a hotel room, all the while keeping her either at gun-point or making sure she was aware that he had a gun on her.
“Once in the room, the offender forced the victim to give and receive oral sex, *329 forced her to smoke crack cocaine and inserted the barrel of a gun into the victim’s vagina.
“All of these events took place at gunpoint and all took place in Madison County.”
(R. 9-10.)
After the circuit court informed Williams of the minimum and maximum sentence, Williams pleaded guilty to three Class A felonies. See' § 13A-6-65.1(b), Ala. Code 1975, § 13A-6-4S(c), § 13A-6-63(b), Ala.Code 1975. A person convicted of a Class A felony is subject to a sentence of “life or not more than 99 years or less than 10 years.” § 13A-5-6, Ala.Code 1975. Section 13A-5-6(a)(4), Ala.Code 1975, however, mandates the imposition of a sentence of “not less than 20 years” for a Class A felony in which a firearm or deadly weapon was used.
In Heard v. State, supra, the defendant pleaded guilty to first-degree robbery. In the indictment, the State alleged that the defendant robbed a pawnshop while armed with a handgun and shot the store clerk. During the guilty-plea colloquy, the trial court informed the defendant that the minimum sentence that could be imposed was not less than 10 years. Heard, 687 So.2d at 213. The trial court, however, failed to consider the mandatory enhancement found in § 13A-5-6(a)(4) that required a mandatory minimum sentence of 20 years’ imprisonment. The defendant filed a motion to withdraw his guilty plea that was denied by the trial court. The defendant appealed, arguing that the trial court did not adequately advise him of the maximum and minimum sentence he could receive by entering a guilty plea. This Court agreed, holding that “the erroneous information given to [the defendant] by the trial judge concerning the minimum sentence that could be imposed for a conviction of first degree robbery requires ' reversal.” Heard, 687 So.2d at 213.
This Court has held that the imposition of the firearm enhancement in § 13A-5-6(a)(4) is mandatory. See Love v. State, 681 So.2d 1108 (Ala.Crim.App.1996)(re-manding case for trial court to impose mandatory enhancement set forth in § 13A-6-(a)(4)); Simmons v. State, 675 So.2d 79, 81 (Ala.Crim.App.1995)(holding that the application of the firearm statute is mandatory and that “[t]he court has no choice to obey this statute when a firearm is used to commit a felony”); Clency v. State, 475 So.2d 642 (Ala.Crim.App.1985) (holding that § 13A-5-6(a)(4) is mandatory and the court has no choice but to impose a sentence under this section, if applicable). Although our supreme court has recognized an exception to this rule when the State elects to forgo the application of mandatory fines and other enhancements by way of a plea agreement with a defendant, see Ex parte Johnson, 669 So.2d 205 (Ala.1995), the record on appeal indicates that no such plea agreement existed between the State and Williams in this case and that the imposition of the mandatory firearm enhancement had not been waived.
In this case as in Heard, the circuit court incorrectly informed Williams that the minimum sentence he could receive was 10 years in prison. In order to sustain a ruling that the defendant voluntarily entered a guilty plea, the defendant “ ‘must be advised of the maximum and minimum potential punishment for his crime.’ ” Heard v. State, 687 So.2d at 213 (quoting Carter v. State, 291 Ala. 83, 277 So.2d 896 (1973)). In the instant case, Williams was not informed that he was subject to a mandatory minimum sentence of 20 years’ imprisonment pursuant to § 13A-5-6(a)(4) based on his use of a firearm during the commission of his felony offenses.
*330 Based on the foregoing, we hold that Williams’s guilty plea was involuntary because the circuit court failed to comply with Rule 14.4(a). Accordingly, the judgment of the circuit court is reversed, and this cause is remanded to the Madison Circuit Court so that Williams may have the opportunity to withdraw his guilty plea and to enter another plea after he has been informed of the applicable sentencing range and applicable enhancements.[1]
REVERSED AND REMANDED.
WINDOM, P.J., and WELCH, BURKE, and JOINER, JJ., concur.

. Because we are reversing the judgment for the reasons discussed above, we pretermit discussion of Williams's contention that the circuit court failed to make any inquiry as to whether there was a factual basis for Williams's guilty plea.