BURKE, Judge.
Christopher Case pleaded guilty to felony murder, a violation of § 13A-6-2(a)(3), Ala. Code 1975, and was sentenced to 20 years’ imprisonment. On. May 22, 2015, Case filed a timely petition for postconviction relief pursuant to Rule. 32, Ala. R. Crim. P., challenging his guilty plea. The circuit court summarily dismissed that petition on October 21, 2015. This appeal follows.
In establishing that there existed a factual basis for the trial court to accept Case’s guilty plea, the State proffered the following facts at the'gtiilty-plea colloquy:
“[0]n January 11th, 2012 the victim, Andrew Saxon, was shot and killed during a burglary committed at his residence on North University Boulevard here in Mobile County. An investigation by Detective Charles Bagsby of the Mobile Police Department and others determined that the defendant, Mr. Case, was one of''the participants in the original scheme to. commit the burglary.”
(R2. 7-8.[1]) Case agreed with the State’s rendition of what the evidence would show and agreed that those facts, if proven, would satisfy the elements of felony murder.
In his Rule 32 petition, Case claimed, among other things, that the “Constitution of the United States and the Constitution of the State of Alabama require a new trial and, if applicable, a new sentencing proceeding.” (C.-11.) The -basis of that claim was Case’s contention that his plea was not entered knowingly and voluntarily . because, he .said, the trial court failed to correctly inform him of the minimum sentence he could receive upon pleading guilty. Case attached to his petition a copy of the transcript from his guilty-plea colloquy that reveals the following exchange:
“THE COURT: You understand, that you were indicted in this case for felony murder and Burglary in the 2nd Degree. Today you’re going to be entering a Plea of Guilty to the charge of felony murder?
“MR. CASE: Yes, ma’am,
*1161 “THE COURT: [Defense counsel] has explained to you what the State would have to prove in order to find you guilty of that offense?
“MR. CASE: Yes, ma’am.
“THE COURT: You understand that if you enter a Plea of Guilty to that offense that the range of punishment for this type of charge is 10 years to life?
“MR. CASE: Yes, ma’am.
“THE COURT: I assume he didn’t have the gun?
“[Defense counsel]: He didn’t go in the house, Judge.”
(C. 17-18.)[2]
Thus, the trial court appears to have been under the impression that, because Case was not in possession of a gun, the minimum sentence that he could receive was 10 years’ imprisonment, However, at Case’s sentencing hearing, the trial court imposed a 20-year sentence and stated that “20 years is the minimum under the law, under the statute.” (C. 20.)
As noted, Case pleaded guilty to felony murder in violation of § 13A~6-2(a)(3), Ala.’Code 1975, which provides that
“a person commits the crime of murder if he or she does any. of the following:
[[Image here]]
“(3) He or she commits or attempts to commit ... burglary in the first or second degree ... and, in the course of and in furtherance of the crime that he or she is committing or attempting to commit, or in immediate flight therefrom, he or she, or another participant if there be any, causes the death of any person.”
Section 13A-5-6(a)(4), Ala. Code 1975, provides that a person convicted of “a Class A felony in which a firearm or deadly weapon was used or attempted to be used in the commission of the felony” is to be sentenced to a term of imprisonment “not less than 20 years.” “Murder is a Class A felony¡” § 13A-6-2(c), Ala. Code 1975. Thus, a person convicted of a murder in which a firearm was used can be sentenced to no less than 20 years’ imprisonment.
The fact that Case was not in possession of the gun is immaterial. In Moore v. State, 677 So.2d 819, 821-22 (Ala.Crim.App.1996), this Court held:
“In the, instant case, the fact that there was evidence at trial that the appellant’s accomplice, rather than the appellant, was in actual possession of the shotgun during the burglary does not remove the appellant from the application of § 13A-5-(a)(4), Code of Alabama 1975, The jury found the appellant guilty of burglary in the first degree; therefore, by ‘virtue of the jury’s verdict,’ Hammond[ v. State], 497 So.2d [558, 566 (Ala.Crim.App.1986) ], the trial court was required to enhance the appellant’s sentence pursuant to § 13A-5-6(a)(4), making the minimum sentence 20 years.”
A review of the record reveals some discrepancies as to whether Case went into the victim’s house or whether he remained in his vehicle while his accomplices completed the crime. However, that discrepancy is of no consequence because Case pleaded guilty to felony murder in which a firearm was used to kill the victim.
Case’s indictment charged that Case, “while committing or attempting to commit a Burglary in the first degree, and in the course of and in furtherance of said Burglary in the first degree he was committing or attempting to commit, or in immediate flight therefrom, he or another *1162 participant in the said crime, did cause the death of Andrew Saxon, to wit: by shooting him with a gun in violation of § 13A-6-2(a)(3) .... ” (C. 28)(emphasis added). Thérefore, the minimum sentence that Case could have received by pleading guilty as charged in the indictment was 20 years. Accordingly, the trial court was incorrect when it stated that the minimum sentence Case could have received was 10 years.
In its order dismissing Case’s Rule 32 petition, the circuit court held that “a party cannot assume inconsistent positions in the trial and appellate courts and, as a general rule will not be permitted to allege an error in the trial court proceedings, which was invited by him or was a natural consequence of his own actions.” (C. 53.) The circuit court noted:
“In this case, [Case] stated during the guilty plea colloquy that he did not possess a firearm. See [Case’s] Exhibit A.’ Based on this assertion, [Case] was advised for the offense of Felony Murder, his range of punishment was ten (10) years to life. See id. After the sentence hearing, [Case] moved this Court to reconsider that sentence. See State’s Exhibit ‘A.’ [Case] specifically argued, once again, that he was not in possession of a firearm and the minimum sentence was ten (10) years. See id. at p. 5. Thus, contrary to the position [Case] now takes, he was correctly advised of the minimum sentence he could receive during the guilty plea colloquy.”
(C. 53-4.) The circuit court ultimately concluded that Case “was advised of the correct range of punishment during the guilty-plea colloquy.” (C. 57.) That finding is incorrect. As noted above, the minimum sentence that Case could receive for his felony-murder conviction was 20 years.
In reviewing the record from the guilty-plea colloquy it appears that all of the parties, as well as the trial' court, were under the impression that Case’s sentence was not subject to enhancement under § 13A-5-6(a)(4), Ala. Code 1975. However, the trial court was aware of the crime that Case was charged with, as well, as the fact that a firearm was involved, see (C. 17-18), and had a duty to inform Case of the correct sentencing range. See Rule 14.4(a)(l)(ii), Ala. R. Crim. P. The fact that Case incorrectly argued, at the guilty-plea colloquy and in his motion for sentence reconsideration, that he did not possess a gun and was therefore eligible to receive a 10-year sentence is of no consequence and does not constitute invited error. It is the duty of the trial court, not the defendant, to apprise the defendant of the correct sentencing range prior.to the entry of a guilty plea.
In Heard v. State, 687 So.2d 212, 213 (Ala.Crim.App.1996), the appellant was informed that the minimum sentence that could be imposed was not less than 10 years when, in fact, the minimum sentence was not less than 20 years. This Court went on to hold:
“We believe that the erroneous information given to the appellant by the trial judge concerning the minimum sentence that could be imposed for a conviction of first degree robbery requires reversal. In Carter v. State, 291 Ala. 83, 277 So.2d 896 (1973), the Alabama Supreme Court held that ‘a defendant,- prior to pleading guilty, must be advised of the maximum and minimum potential punishment for his crime’ by the trial court in order to sustain a ruling that the defendant voluntarily entered a guilty plea. See, Gordon v. State, 692 So.2d 871 (Ala.Cr. App.[1996]); Pritchett v. State, 686 So.2d 1300 (Ala.Cr.App.1996); Knight v. State, 55 Ala.App. 565, 317 So.2d 532 (1975); Moore v. State, 54 Ala.App. 463, 309 So.2d 500 (1975). This holding is *1163 supported by Boykin and Rule 14.4, Ala. R. Crim. P. The rule that the trial judge conduct a colloquy with the defendant before accepting a guilty plea ensures that a criminal defendant is adequately advised of his rights so that he may make a voluntary and intelligent decision to enter such a plea.”
Heard, 687 So.2d at 213. Accordingly, the trial court’s erroneous information in the present proceedings rendered Case’s guilty plea involuntary. Claims regarding the voluntariness of a guilty plea may be raised in a timely filed Rule 32 petition. See Cantu v. State, 660 So.2d 1026, 1029 (Ala.1994)(“We hold that even though a defendant could file a motion under the provisions of Rule 14 to withdraw a plea of guilty and could appeal a trial court’s ruling on that motion, the defendant would not be precluded from raising, in a timely filed post-conviction proceeding, the question of the voluntariness of' the guilty plea.”).
“The standard of review on appeal in a post conviction proceeding is whether the trial judge abused his discretion when he denied the petition.” Elliott v. State, 601 So.2d 1118, 1119 (Ala.Crim.App.1992). “ ‘ “ ‘A judge abuses his discretion only when his decision is based on an erroneous conclusion of law or where the record contains no evidence on which he rationally could have based his decision.’ ” ’ ” Hodges v. State, 926 So.2d 1060, 1072 (Ala.Crim.App.2005)(quoting State v. Jude, 686 So.2d 528, 530 (Ala.Crim.App.1996), quoting in turn Dowdy v. Gilbert Eng’g Co., 372 So.2d 11, 12 (Ala.1979), quoting in turn Premium Serv. Corp. v. Sperry & Hutchinson Co., 511 F.2d 225 (9th Cir.1975). However, “when- the facts are undisputed and an appellate court is presented with pure questions of law, that court’s review in a Rule 32 proceeding is de novo.” Ex parte White, 792 So.2d 1097, 1098 (Ala.2001). It is undisputed that the trial court informed Case that the minimum sentence he could receive was 10 years’ imprisonment. As explained above, that was incorrect. Therefore, the circuit court erred in finding that Case’s Rule 32 petition failed to state a claim and that it raised no issue of material fact or law. (C. 57.)
Although an evidentiary hearing was not conducted in this matter, all the facts necessary to dispose of Case’s involuntary guilty plea claim are contained in the record. Thus, remanding the case with instructions that the circuit court conduct an evidentiary hearing is unnecessary and would be a waste of scarce judicial resources.[3] Accordingly, the judgment of the circuit court is reversed, and this case is remanded with instructions that the circuit court grant Case’s petition and allow him to withdraw his guilty plea and proceed to trial.
Case also raised two ineffective-assistance-of-counsel claims in his petition. Given that we are reversing the circuit court’s judgment on the issue discussed above, we need not address those issues.
REVERSED AND REMANDED.
Kellum, J., concurs. Welch, J., concurs in the result. Windom, P.J., and Joiner, J., dissent.

. "R2” denotes the second supplemental record on appeal.

. The full transcript of Case’s guilty-plea colloquy and sentencing hearing are included in the supplemental record on appeal.

. Judge Joiner has observed that both this Court and the Alabama Supreme Court have long used such an approach when the facts underlying a claim are not in dispute. See Canyon v. State, 218 So. 3d 871, 876 (Ala.Crim.App.2015)(Joiner, J., dissenting and citing Williams v. State, 104 So.3d 254, 265-66 n. 5 (Ala.Crim.App.2012)).