WISE, Judge.
The appellant, Darrell J. McNeal, appeals from the circuit court’s denial of his petition for postconviction relief filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his September 2002 conviction for sexual abuse in the first degree, rape in the first degree and his resulting sentence as an habitual felony offender to 20 years’ imprisonment. No direct appeal was taken from these convictions.
On March 18, 2003, McNeal filed his first Rule 32 petition, challenging his rape conviction based on newly discovered DNA evidence. After conducting an evidentiary hearing, the circuit court dismissed the rape conviction. On December 7, 2004, McNeal filed his second Rule 32 petition, challenging his sexual-abuse conviction, which was denied by the circuit court. On February 24, 2006, this Court affirmed the circuit court’s denial of McNeal’s second Rule 32 petition, by unpublished memorandum. McNeal v. State (No. CR-04-1394), 976 So.2d 520 (Ala.Crim.App.2006) (table). A certificate of judgment was issued on June 9, 2006.
On January 19, 2007, McNeal filed the instant Rule 32 petition, in which he alleged: (1) that the trial court was without jurisdiction to render judgment or to impose his sentence because, he said, his conviction for sexual abuse was obtained in violation of the prohibition against double jeopardy and (2) that his sentence exceeded the maximum authorized by law because, he said, it was illegally enhanced using a North Carolina conviction that would be a misdemeanor in Alabama. On March 15, 2007, the State filed its response and a motion to dismiss McNeal’s petition, in which it argued that the petition was both procedurally barred and without merit. On April 4, 2007, the circuit court issued an order denying McNeal’s petition. This appeal followed.
On appeal, McNeal reasserts the claims presented in his petition to the circuit court.
McNeal first argues that the trial court was without jurisdiction to render judgment or to impose his sentence because, he says, his conviction for sexual abuse violates the prohibition against double jeopardy. However, the circuit court dismissed McNeal’s conviction for rape, leaving him with but a single conviction — for sexual abuse. McNeal v. State (No. CR-04-1394), 976 So.2d 520 (Ala.Crim.App.2006) (table). Therefore, this claim is without merit.
McNeal’s remaining contention is that his sentence exceeds the maximum authorized by law because, he says, it was illegally enhanced with a prior conviction in North Carolina that would be a misdemeanor in Alabama. This claim raises a jurisdictional issue. See, e.g., Steele v. State, 911 So.2d 21, 31 (Ala.Crim.App.2004). A challenge to an illegal sentence is “not precluded by the limitations period or by the rule against successive petitions.” Jones v. State, 724 So.2d 75, 76 (Ala.Crim.App.1998). “[A]n allegedly illegal sentence may be challenged at any time, because if the sentence is illegal, the sentence exceeds the jurisdiction of the trial court and is void.” Rogers v. State, 728 So.2d at 691. Thus, this claim is not procedurally barred. This Court has held that an illegal sentence may be challenged at any time, because if it has imposed an illegal sentence, the trial court has exceeded its jurisdiction and the sentence is void. Henderson v. State, 895 So.2d 364, 365 (Ala.Crim.App.2004). As a result, McNeal has raised a jurisdictional claim that is not subject to the procedural bars set forth in Rule 32.
*630 According to McNeal, his prior conviction in North Carolina used by the State to enhance his sentence was a conviction for taking indecent liberties with a minor, a violation of N.C. Gen.Stat. § 14-202.1 (1996), and the minor in question was 15 years old. McNeal contends that this offense in Alabama would be the equivalent of second-degree sexual abuse, a Class A misdemeanor, as defined in § 13A-6-67, Ala.Code 1975. 'Although the State asserted in its response that McNeal’s conviction in North Carolina constituted a felony in Alabama, the trial court made no findings of fact as to McNeal’s claim and what category of offense his North Carolina conviction would have been in Alabama. Based on our examination of the record, we are unable to determine from the record whether the offense for which McNeal was convicted in North Carolina would have, in fact, constituted a felony offense, e.g., first-degree sexual abuse, or a misdemeanor offense, e.g., second-degree sexual abuse.[1] Because McNeal has alleged facts that, if true, would entitle him to relief, the circuit court erred in summarily dismissing his petition. See Ex parte Boatwright, 471 So.2d 1257 (Ala.1985).
Based on the foregoing, this cause is remanded to the circuit court for a hearing on McNeal’s allegation that his sentence exceeds the maximum authorized by law. On remand, the circuit court should explain whether McNeal’s North Carolina conviction constituted a felony offense in Alabama. The circuit court should make specific findings of fact as required by Rule 32.9(d), Ala.R.Crim.P., and the return to remand shall contain a transcript of the proceedings. If the circuit court determines that McNeal is entitled to relief, then the court may grant such relief as it deems appropriate.
The circuit court shall take all necessary action to ensure that the circuit clerk makes due return to remand at the earliest possible time and no later than 56 days from the date of this opinion.
REMANDED WITH DIRECTIONS. 
BASCHAB, P.J., and McMILLAN and WELCH, JJ., concur.
SHAW, J., concurs in the result.

. In order for McNeal’s conviction to constitute first-degree sexual abuse, the victim would have had to have been (1) subjected to sexual contact by forcible compulsion, or (2) unable to consent due to physical or mental incapacity.