KELLUM, Judge.
 

 The appellant, Richard L. Durr, pleaded guilty to one count of trafficking in marijuana and one count of trafficking in cocaine, violations of § 13A-12-231, Ala. Code 1975. The circuit court sentenced Durr to concurrent terms of life imprisonment; it also ordered Durr to pay various fines and statutory assessments.
 
 [1]
 

 
 *923
 
 On November 16, 2007, a Houston County grand jury indicted Durr on one count of trafficking in marijuana, and on February 20, 2008, another Houston County grand jury indicted Durr on one count of trafficking in cocaine. Durr pleaded guilty on April 21, 2008, to both counts of trafficking as alleged in the two indictments. Durr’s sentencing healing was continued until September 2008 in anticipation that Durr would assist the Houston County Sheriffs Department with an ongoing narcotics investigation, pursuant to Durr’s plea agreement with the State. On September 22, 2008, the circuit court sentenced Durr to concurrent terms of life imprisonment on each conviction. Durr subsequently filed a motion to withdraw his guilty pleas, or, in the alternative, for a new trial; the circuit court denied the motion. Durr appealed.
 

 Durr argues that the circuit court abused its discretion when it denied his motion to withdraw his guilty pleas. Durr contends that his guilty pleas were not knowingly, voluntarily, and intelligently entered because, he says, the circuit court did not properly advise Durr pursuant to Rule 14.4, Ala. R.Crim. P., during his guilty-plea colloquy. Specifically, Durr alleges that the circuit court failed to advise him of the maximum and minimum sentencing range applicable to his convictions, how his sentence could be enhanced based on his prior felony convictions, and the provisions governing whether a sentence may run consecutively to or concurrently with another sentence. Furthermore, Durr points out that a signed
 
 Ireland
 

 [2]
 

 form was not included in the record.
 

 Rule 14.4(a), Ala. R.Crim. P., provides, in relevant part:
 

 “(a) ... In all other cases, except where the defendant is a corporation or an association, the court shall not accept a plea of guilty without first addressing the defendant personally in the presence of counsel in open court for the purposes of:
 

 “(1) Ascertaining that the defendant has a full understanding of what a plea of guilty means and its consequences, by informing the defendant of and determining that the defendant understands:
 

 [[Image here]]
 

 “(ii) The mandatory minimum penalty, if any, and the maximum possible penalty provided by law, including any enhanced sentencing provisions;
 

 “(iii) If applicable, the fact that the sentence may run consecutively to or concurrently with another sentence or sentences.”
 

 Rule 14.4(d), Ala. R.Crim. P., states: “The court may comply with the requirements of Rule 14.4(a) by determining from a personal colloquy with the defendant that the defendant has read, or has had read to the defendant, and understands each item contained in [the Explanation of Rights Form, also known as the
 
 Ireland
 
 form].”
 

 It is well-established precedent that the circuit court must notify a defen
 
 *924
 
 dant of the correct sentencing range when the defendant pleads guilty.
 

 “ ‘The Alabama Supreme Court and this Court “have consistently held that a defendant must be informed of the maximum and minimum possible sentences as an absolute constitutional prerequisite to the acceptance of a guilty plea.”
 
 Ex parte Rivers,
 
 597 So.2d 1308, 1309 (Ala.1991). It is well settled, moreover, that “if the appellant’s sentence could be enhanced under any of the enhancement statutes, the appellant should be informed of the additional sentence he could receive under the applicable enhancement statute.”
 
 Elrod v. State,
 
 629 So.2d 58, 59 (Ala.Cr.App.1993), citing
 
 Rivers.
 
 Accord,
 
 White v. State,
 
 616 So.2d 399 (Ala.Cr.App.1993);
 
 Looney v. State,
 
 563 So.2d 3, 4 (Ala.Cr.App.1989);
 
 Smith v. State,
 
 494 So.2d 182 (Ala.Cr.App.1986).’ ”
 

 Kennedy v. State,
 
 698 So.2d 1174, 1177 (Ala.Crim.App.1997) (quoting
 
 Aaron v. State,
 
 673 So.2d 849, 849-50 (Ala.Crim.App.1995) (emphasis added in Kennedy)).
 

 Furthermore, this Court has stated:
 

 “ ‘[T]he Alabama Supreme Court held that “a defendant, prior to pleading guilty, must be advised of the maximum and minimum potential punishment for his crime” by the trial court in order to sustain a ruling that the defendant voluntarily entered a guilty plea. See,
 
 Gordon v. State,
 
 692 So.2d 869 (Ala.Cr.App.1996);
 
 Pritchett v. State,
 
 686 So.2d 1300 (Ala.Cr.App.1996);
 
 Knight v. State,
 
 55 Ala.App. 565, 317 So.2d 532 (1975);
 
 Moore v. State,
 
 54 Ala.App. 463, 309 So.2d 500 (1975). This holding is supported by
 
 Boykin [v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)] and Rule 14.4, Ala. R.Crim. P. The rule that the trial judge conduct a colloquy with the defendant before accepting a guilty plea ensures that a criminal defendant is adequately advised of his rights so that he may make a voluntary and intelligent decision to enter such a plea.’ ”
 

 Jones v. State,
 
 727 So.2d 889, 891 (Ala.Crim.App.1998) (quoting
 
 Heard v. State,
 
 687 So.2d 212, 213 (Ala.Crim.App.1996)).
 

 The record reflects that, during the guilty-plea colloquy, the following discussion took place:
 

 “MR. MAXWELL [prosecutor]: Judge, what we are going to do for a proffer of the Court is he has two trafficking cases that he is pleading guilty to. He has two prior felony convictions, which would make the only sentence, I believe, to be life.
 

 “And what we are asking the Court to do is this, is to take the pleas on the trafficking cases today and set a sentencing hearing for sixty days down the road.
 

 [[Image here]]
 

 “THE COURT: Mr. Durr, do you understand these two cases of trafficking in CC-07-1503 and CC-08-115, and do you understand those charges?
 

 “[DURR]: Yes, sir.
 

 “THE COURT: Do you understand the range of punishment, which we’ve gone over; is that correct?
 

 “[DURR]: Yes sir.
 

 “THE COURT: Do you understand by pleading guilty in this case you waive your right to a jury trial? Do you understand that?
 

 “[DURR]: Yes, sir.
 

 “THE COURT: And are you pleading guilty voluntarily and freely?
 

 “[DURR]: Yes, sir.
 

 “THE COURT: Did anyone force you or threaten you or coerce you in any manner to get you to plead guilty?
 

 “[DURR]: No, sir.
 

 
 *925
 
 “THE COURT: Anyone promise you any reward or inducements?
 

 “[DURR]: No, sir.
 

 “THE COURT: And do you understand the rights that you would have if you went to trial? Has your attorney explained those to you?
 

 “MR. YARBROUGH [defense counsel]: Yes, sir, he understands it.
 

 “THE COURT: And you all are
 
 going to do
 
 an Explanation of Rights and Plea of Guilty form, I understand?
 

 “MR. YARBROUGH: Yes, sir, I’ll do that, and
 
 ive’ll file it with the Court.
 

 “THE COURT: And what are the facts?
 

 [[Image here]]
 

 “[Prosecutor recited the facts.]
 

 “THE COURT: Okay. Mr. Durr, are those facts true and correct, or do you dispute any [of] those facts?
 

 “[DURR]: Yes, sir.
 

 “THE COURT: They are true?
 

 “[DURR]: Yes, sir.
 

 “THE COURT: And how do you plead, guilty or not guilty?
 

 “[DURR]: Guilty.”
 

 (R. 3-9; emphasis added.)
 

 Before Durr entered his plea of guilty, the circuit court failed to inform Durr regarding, or to ascertain whether Durr understood, the mandatory minimum and maximum sentences provided under Alabama law, including any sentence enhancements, as well as whether his sentences would run consecutively or concurrently. Furthermore, the circuit court did not ascertain on the record that Durr had read and understood the explanation of rights on an
 
 Ireland
 
 form. In fact, the exchange between the circuit court and defense counsel indicated that an
 
 Ireland
 
 form had not been executed at the time of the guilty-plea colloquy. See
 
 Brown v. State,
 
 712 So.2d 1112, 1114 (Ala.Crim.App.1997).
 

 Based on the foregoing, we hold that Durr’s guilty plea was involuntary because the circuit court failed to comply with Rule 14.4(a) or (d). Accordingly, the judgment of the circuit court is reversed, and this cause is remanded to the Houston Circuit Court so that Durr may have the opportunity to withdraw his guilty plea and to enter another plea after he has been informed of the applicable sentencing range, including potential enhancements, and whether his sentence will run consecutively or concurrently with another sentence.
 

 REVERSED AND REMANDED.
 

 WISE, P.J., and WELCH, WINDOM, and MAIN, JJ., concur.
 

 [1]
 

 . Our examination of the record indicates that the fines imposed by the circuit court were less than the mandatory fines provided for in § 13A-12-231, Ala.Code 1975. Likewise, the circuit court failed to order that Durr pay all statutorily mandated assessments. However, it appears from the colloquy that a plea agreement existed between the Stale and Durr. Because no copy of the agreement was included in the record on appeal,
 
 *923
 
 the exact terms of the agreement are not known to this Court. The State may elect to forgo the application of mandatory fines and other enhancements — including application of the Habitual Felony Offender Act. If so, this Court may not order the trial court to impose these fines. See, e.g.,
 
 Ex parte Johnson,
 
 669 So.2d 205 (Ala.1995). If, in fact, the waiver of the application of the mandatory fines and other enhancements was part of the plea agreement, we note that it should be explicitly set out in the plea agreement.
 

 [2]
 

 .
 
 Ireland v. State,
 
 47 Ala.App. 65, 250 So.2d 602 (1971).