PER CURIAM.
Kevin Brent Hall appeals the circuit court’s summary dismissal of his Rule 32, Ala. R.Crim. P., petition for postconviction relief. We affirm.
Facts and Procedural History
In February 1991, Hall was indicted by a Houston County grand jury for unlawful distribution of a controlled substance, see § 13A-12-211, Ala.Code 1975. The indictment alleged that, on December 2, 1990, Hall “did unlawfully sell, furnish, give away, manufacture, deliver, or distribute a controlled substance, to-wit: cocaine.” (C. 21.) Thereafter, on March 10, 1992, Hall, pursuant to a negotiated plea agreement, pleaded guilty to the lesser-included offense of unlawful possession of a controlled substance, see § 13A-12-212, Ala.Code 1975, and, in accordance with that agreement, was sentenced to 10 years’ imprisonment.
Over 23 years later, Hall, on April 25, 2015, filed his first Rule 32 petition challenging his guilty-plea conviction and sentence, In that petition, Hall alleged, among other things, that his sentence was “illegal” because, he said, the circuit court failed to impose on him a $1,000 fine under the Demand Reduction Assessment Act, see § 13A-12-281, Ala.Code 1975. The circuit court summarily dismissed Hall’s petition, and Hall appealed that decision to this Court. See Hall v. State (No. CR-14-1279, Oct. 9, 2015) 222 So.3d 429 (Ala.Crim.App.2015) (table).
In that appeal, a three-member panel of this Court issued an unpublished memorandum affirming the circuit court’s decision [1] and finding, in part:
“As for Hall’s second claim—that his sentence was illegal because, he said, the trial court failed to impose the mandatory $1000 fine under the Demand Reduction Assessment Act, see § 13A-12-281, Ala.Code 1975—Hall alleged in his petition and attachments the following facts: that he was arrested on December 4, 1990, for the unlawful distribution of a controlled substance, that he was indicted for the unlawful distribution of a controlled substance on March 1, 1991, that he was arraigned on April 10, 1991, that he pleaded guilty to the lesser-included offense of unlawful possession of a controlled substance on March 12, 1992, and that the trial court failed to impose the $1000 fine pursuant to § 13A-12-281.
“It is well settled that the fine in § 13A-12-281 is ‘mandatory and jurisdictional, and [that] the failure to impose [it] renders a sentence illegal.’ Siercks v. State, 154 So.3d 1085, 1094 (Ala.Crim.App.2013). However, it is also well settled that ‘ “[a] defendant’s sentence is determined by the law in effect at the time of the commission of the offense.” ’ Moore v. State, 40 So.3d 750, 753 (Ala.Crim.App.2009). See also Minnifield v. State, 941 So.2d 1000, 1001 (Ala.Crim.App.2005) (‘It is well settled that the law in effect at the time of the commission of the offense controls the prosecution.’). Section 13A-12-281 was enacted during the 1990 Legislative Session. Hall alleged in his petition and attachments the date he was arrested for the crime, but he failed to allege the date he committed the crime. Unless Hall committed his crime after the effective date of § 13A-12-281, that statute would not be applicable to him. Because Hall failed to allege the date he committed the crime, he failed to plead sufficient facts indicat *979 ing that § 13A-12-281 was applicable to him and that, therefore, his sentence was illegal.”
Hall v. State (No. CR-14-1279, Oct. 9, 2015) 222 So.3d 429 (Ala.Crim.App.2015) (table) (emphasis added).
On October 21, 2015, Hall filed his second Rule 32 petition challenging his 1992 guilty-plea conviction and sentence. In that petition, Hall again alleged that his 10-year sentence was “illegal” because, he said, the circuit court failed to impose on him the demand-reduction assessment. Additionally, relying on this Court’s critique of his first petition, Hall added to his second petition those facts this Court, in its unpublished memorandum, noted that Hall had failed to plead in his first petition.
Specifically, Hall alleged that the Demand Reduction Assessment Act became effective on April 24, 1990, and that he committed the offense of unlawful distribution of a controlled substance after the effective date of that Act—specifically, on December 2, 1990. (C. 16.) Additionally, Hall alleged that, in February 1991, he was indicted for unlawful distribution of a controlled substance and that, on March 10, 1992, he “was offered a ‘plea deal,’ plead[ed] guilty [and] thereafter adjudge[d] guilty/sentenced to (10) years imprisonment for ‘unlawful possession of a control [sic] substance.’” (C. 17.) Hall further alleged that, “[b]efore entering the plea of guilt, the trial judge never informed [him] of [and] never imposed the ‘mandatory fine’ of $1,000 required by the ‘demand reduction assessment act.’” (C. 17.)
On November 2, 2015, the State filed a motion to dismiss Hall’s petition, alleging that Hall’s claim was precluded under Rule 32.2(a), Ala. R.Crim. P., because it was “either raised at trial or could have been, but [was] not raised at trial” or it was “either raised on appeal or could have been, but [was] not raised on appeal”; that Hall’s claim was successive under Rule 32.2(b), Ala. R.Crim. P.; that Hall’s claim was insufficiently pleaded; and that Hall “was granted parole iii this case in 1996, and thus, there is no relief the Court could grant in this case.” (C. 31.)
Thereafter,- the circuit court issued' an order summarily dismissing Hall’s petition, and Hall filed a timely notice of appeal.
Standard of Review
When reviewing a circuit court’s summary dismissal of a postconviction petition “ ‘[t]he standard of review this Court uses ... is whether the [circuit] court abused its discretion.’” Lee v. State, 44 So.3d 1145, 1149 (Ala.Crim.App.2009) (quoting Hunt v. State, 940 So.2d 1041, 1049 (Ala.Crim.App.2005)). If, however, the circuit court bases its determination on a “ ‘cold trial record,’ ” we apply a de novo standard of review. Ex parte Hinton, 172 So.3d 348, 353 (Ala.2012). Moreover, subject to certain exceptions that are not applicable in this case, see,. e.g., Ex parte Clemons, 55 So.3d 348 (Ala.2007), “when reviewing a circuit court’s rulings made in a postconviction petition, we may affirm a ruling if it is correct for any reason.” Bush v. State, 92 So.3d 121, 134 (Ala.Crim.App.2009).
Furthermore, a circuit court may summarily dismiss a Rule 32 petition pursuant to Rule 32.7(d), Ala. R.Crim. P.,
“[i]f the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings.”
*980 See also Hannon v. State, 861 So.2d 426, 427 (Ala.Crim.App.2003); Cogman v. State, 852 So.2d 191, 193 (Ala.Crim.App.2002); Tatum v. State, 607 So.2d 383, 384 (Ala.Crim.App.1992).
Discussion
On appeal, Hall contends that the circuit court erred when it summarily dismissed his second Rule 32 petition because, he says, “it was shown that the trial court failed to impose a mandatory fíne as required by § 13A-12-281, Ala.Code 1975.” (Hall’s brief, p. 6 (emphasis in original).) According to Hall, the circuit court’s failure to impose on him the demand-reduction assessment is a “jurisdictional” claim; is not subject to the grounds of preclusion set forth in Rule 32.2, Ala. R.Crim. P.; and, if true, entitles him to relief.
To support his claim, Hall relies on this Court’s recent decision in Siercks v. State, 154 So.3d 1085, 1094 (Ala.Crim.App.2013), in which we explained that “[t]he fine[ ] in §§ 13A-12-281 ... [is] not waivable, [It is] mandatory and jurisdictional, and the failure to impose [it] renders a sentence illegal”—a holding this Court has since applied to an appeal from the summary dismissal of' a Rule 32 petition to sua sponte remand a case to a circuit court for that court to impose a demand-reduction assessment, see Hawk v. State, 171 So.3d 96 (Ala.Crim.App.2014). Upon further examination of the holding in Siercks, however, we are convinced that the holding in Siercks—and, in turn, the holding in Hawk—is premised on logic that is 'in conflict with caselaw from both this Court and the Alabama Supreme Court.
In Siercks, this Court, on direct appeal from. Siercks’s conviction for unlawful possession of a controlled substancé, affirmed Siercks’s - conviction but sua sponte recognized that, “[a]t the sentencing hearing, and in its sentencing order, the trial court stated that all fines associated with Siercks’s conviction were waived on the basis of Siercks’s indigency.” 154 So.3d at 1094. We concluded that, because the circuit court waived the demand-reduction assessment, Siercks’s case had to be remanded to the circuit court for that court to impose the assessment.' The following is the totality of our analysis for reaching that conclusion:
“Section 13A-12-281 (the Demand Reduction Assessment Act) mandates that every person convicted of a.violation.of any offense defined in §§ 13A-12-202, -203, -204, -211, -212, -213, -215, or -231, Ala.Code 1975, ‘shall be assessed for each such offense an additional penalty fixed at $1,000 for first offenders and $2,000 for second and subsequent offenders.’ (Emphasis added.) ... The fine[ ] in § [ ] 13A-12-281 ... [is] not waivable. [It is] mandatory and jurisdictional, and the failure to impose [it] renders a sentence illegal. ‘Matters 'concerning unauthorized sentences are jurisdictional,’ Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App.1994), and we may take notice of an illegal sentence at any time. See, e.g., Pender v. State, 740 So.2d 482, 484 (Ala.Crim.App.1999).”
154 So.3d at 1094.
It appears that our holding in Siercks is premised on the following logic: The imposition of the demand-reduction assessment is “mandatory,” see Pierson v. State, 677 So.2d 246, 247 (Ala.1995) (“We hold that the provisions of the Demand Reduction Assessment Act are mandatory.”), and cannot be waived; thus, it necessarily follows that the failure to impose the demand-reduction assessment results in an illegal sentence—a jurisdictional claim that can be raised at any time. This post hoc, ergo propter hoc logic, however, is correct only if all statutes, or rules that are written in “mandatory” terms also, implicate the *981 jurisdiction of the circuit court. The Alabama Supreme Court, however, has repeatedly rejected such a notion.
Specifically, in Ex parte Clemons, 55 So.3d 348 (Ala.2007), the Alabama Supreme Court addressed this Court’s holding in Davis v. State, 9 So.3d 514 (Ala.Crim.App.2006), in which we described the grounds of preclusion in Rule 32.2, Ala. R.Crim. P., as “mandatory” but acted as if the grounds of preclusion were “jurisdictional.” The Supreme Court explained:
“We begin by noting that the Court of Criminal Appeals in Davis never characterized the Rule 32.2(a) procedural bars as jurisdictional. Instead, it described them as ‘mandatory but treated them as jurisdictional, holding that they may be applied sua sponte. In support of this conclusion, the Court of Criminal Appeals quoted State v. Osborne, 329 Mont. 95, 98, 124 P.3d 1085, 1087 (2005), which in turn quoted Peña v. State, 323 Mont. 347, 361, 100 P.3d 154, 163 (2004), and noted that ““the statutory rules which circumscribe the postconviction process are jurisdictional in nature.’ ” ’ Davis, 9 So.3d at 533 (emphasis added). After noting its ability to ‘sua sponte apply the limitations provision contained in Rule 32.2(c) ... because it is a mandatory provision,’ the Court of Criminal Appeals then concluded that the Rule 32.2(a) procedural bars are likewise mandatory. Although the Court of Criminal Appeals characterized the procedural bars of Rule 32.2(a) as mandatory, its holding in Davis eliminates any meaningful distinction between a mandatory rule of preclusion and one that is jurisdictional.”
55 So.3d at 352 (some emphasis added). The Alabama Supreme Court explained that the grounds of preclusion set forth in Rule 32.2, Ala. R.Crim. P., although written in “mandatory” terms, are not “jurisdictional” because, the Court said, “those procedural bars ... may ... be waived” by the State. 55 So.3d at 356. To put it another way, statutes or rules that are written in “mandatory” terms but that are capable of being waived are not “jurisdictional.”
In its analysis, Siercks resolves the “waiver” question by stating, without any authority, that the demand-reduction assessment is, quite simply, “not waivable.” 154 So.3d at 1094. That position, however, is inconsistent with this Court’s position in Durr v. State, 29 So.3d 922 (Ala.Crim.App.2009), and the Alabama Supreme Court’s holding in Ex parte Johnson, 669 So.2d 205 (Ala.1995). Both Durr and Johnson explain that, in negotiating a plea agreement, the State may waive “the application of any mandatory fines and other enhancements—including the Habitual Felony Offender Act”—and, if such fines or enhancements are waived in a plea agreement, “this Court may not order the trial court to impose th[o]se fines.” Durr, 29 So.3d at 922 n. 1 (emphasis added) (citing Ex parte Johnson, 669 So.2d 205 (Ala.1995)). Logically, if the State is capable of waiving a mandatory fine in a plea agreement and, if waived, this Court has no power to order the circuit court to impose , the mandatory fine, the circuit court’s failure to impose such a fine cannot be a jurisdictional defect. Quite simply* the State has no authority to waive a matter that implicates the jurisdiction of the circuit court.[2]
*982 Because the demand-reduction assessment is a “mandatory” fine that is capable of being waived, and this Court has long-held that waivable issues are not jurisdictional, see, e.g., Fortner v. State, 825 So.2d 876, 880 (Ala.Crim.App.2001) (“All of Fortner’s claims are waivable, and claims that can be waived are nonjurisdic-tional.”); see also Ex parte Clemons, 55 So.3d at 352-53, Hall’s claim is “nonjuris-dictional” and subject to the grounds of preclusion set forth in Rule 32.2, Ala. R.Crim. P. To the extent that Siercks and Hawk hold otherwise, those decisions are overruled.
Accordingly, the circuit court did not err when it summarily dismissed Hall’s claim because that claim could have been raised, but was not, either at trial or on appeal. See Rule 32.2(a)(3) and (5), Ala. R.Crim. P.[3]
Based on the foregoing reasons, the judgment of the circuit court is affirmed.
AFFIRMED.
WINDOM, P.J., and BURKE, J., concur.
JOINER, J., concurs specially, with opinion.
KELLUM, J., dissents, with opinion, which WELCH, J., joins.

. Rule 16(d), Ala. R.App. P., provides, in part, that "[t]he courts of appeals may sit in ... panels. ... Every ... panel shall be constituted by at least a majority of the membership of each court of appeals.”

. The State may, of course, waive other issues that do not implicate the jurisdiction of the circuit court. For example, when an incarcerated inmate files a petition for a writ of habeas corpus in the wrong venue, the State may waive any objection to the improper venue by not raising the issue in a timely manner. See Ex parte Culbreth, 966 So.2d 910 (Ala.2006) (finding that § 15-21-6, Ala.Code 1975, addresses the' venue in which a petition for -a *982 writ of habeas corpus may be filed and does not implicate the jurisdiction of the circuit court; thus, the State waived its improper-venue objection by failing to timely raise the issue in the circuit court),

. Even if we were inclined to interpret Hall’s claim as "jurisdictional,” his claim was insufficiently pleaded. See Hyde v. State, 950 So.2d 344, 356-57 (Ala.Crim.App.2006). Here, Hall alleged in his second Rule 32 petition facts establishing that the demand-reduction assessment could, in fact, have applied to his guilty-plea conviction for unlawful possession of a controlled substance. As set out above, however, "[t]he State may elect to forgo the application of mandatory fines and other enhancements—including application of the Habitual Felony Offender Act. If so, this Court may not order the trial court.to impose these fines. See, e.g., Ex parte Johnson, 669 So.2d 205 (Ala.1995).” Durr, 29 So.3d at 922 n. 1. Although he alleged that his guilty plea was the result of a negotiated plea agreement with the State, Hall did not allege any facts demonstrating that the State did not waive the application of the demand-reduction assessment when it negotiated, and he accepted, a plea agreement.