JOINER, Judge, dissenting.
This Court affirms the circuit court's revocation of Karim Theoupilus Anthony's probation. In doing so, this Court specifically holds that Anthony's admission to technical violations of his probation under § 15-22-54(e), Ala. Code 1975, was sufficient for the circuit court to revoke his probation and to order him to serve the balance of his 10-year sentence. 271 So.3d at 856 ("[Anthony's] admission to the technical violations was sufficient for the circuit court to revoke Anthony's probation.").
This Court has previously recognized that a defendant's probation cannot be revoked based solely on an admitted technical violation. See T.D.M. v. State, 224 So.3d 205, 209 (Ala. Crim. App. 2016) (citing § 15-22-54(e)(1), Ala. Code 1975 ). Section 15-22-54(e)(1), Ala. Code 1975, states:
"Unless the underlying offense is a violent offense as defined in Section 12-25-32 and classified as a Class A felony, when a defendant under supervision for a felony conviction has violated a condition of probation, other than arrest or conviction of a new offense or absconding, the court may impose a period of confinement of no more than 45 consecutive days to be served in the custody population of the Department of Corrections.... The court shall not revoke probation unless the defendant has previously received a total of three periods of confinement under this subsection. For purposes of revocation, the court may take judicial notice of the three total periods of confinement under this subsection. A defendant shall only receive three total periods of confinement under this subsection. The maximum 45-day term of confinement ordered under this subsection for a felony shall not be reduced by credit for time already served in the case. Any such credit shall *859 instead be applied to the suspended sentence. In the event the time remaining on the imposed sentence is 45 days or less, the term of confinement shall be for the remainder of the defendant's sentence."
(Emphasis added.) Thus, the circuit court could have revoked Anthony's probation only if he had previously violated his probation and received a total of three periods of confinement under this subsection. The record indicates, however, that this was Anthony's first time violating his probation. Accordingly, the circuit court was permitted to order him to serve only up to 45 days in confinement.
The main opinion asserts that the issue whether the circuit court could revoke Anthony's probation based solely on technical violations has not been raised on appeal. I disagree. Anthony's argument in the trial court and in this Court is that the circuit court could not revoke his probation based on the alleged commission of new offenses without holding a hearing on the charges that he violated his probation by committing new offenses. In both this Court and the circuit court, Anthony's argument assumes--correctly--that § 15-22-54(e)(1) prohibits the circuit court from revoking probation based solely on the commission of technical violations in a circumstance like Anthony's. Anthony's argument that was presented in the trial court and that is presented on appeal makes no sense if the circuit court had the authority to revoke his probation based solely on technical violations.
Contrary to the main opinion's assessment of my position, I do not read § 15-22-54(e)(1), Ala. Code 1975, "as imposing a jurisdictional limitation on a circuit court's authority to fully revoke probation." 271 So.3d at 857 n.1. Section 15-22-54(e), a statute addressing sentencing, is written in mandatory terms. Anthony's case is a direct appeal of a probation revocation involving § 15-22-54(e). The argument that the circuit court could not revoke Anthony's probation based solely on technical violations is thus "a claim on direct appeal that the circuit court imposed an unauthorized sentence." Hall v. State, 223 So.3d 977, 988 (Ala. Crim. App. 2016) (Joiner, J., concurring specially). As such, the issue is one "not subject to the ordinary rules regarding preservation and waiver" and "may be raised for the first time on appeal." Id. at 986.
Perhaps Anthony's appointed trial and appellate counsel could have done a better job explaining the legal assumptions and authority undergirding his arguments. But perhaps this Court could do a better job explaining its position as well. In rejecting Anthony's argument that he was entitled to a hearing on the alleged commission of new offenses, this Court merely states: "Although Anthony did not admit to committing the new criminal offenses, his admission to the technical violations was sufficient for the circuit court to revoke Anthony's probation." 271 So.3d at 856. How so?
Regardless, because this issue involves an unauthorized sentence, this Court has the authority on direct appeal to notice the error in the circuit court's judgment. It should do so.
In sum, Anthony admitted to technical violations under the legally correct assumption that he could receive, at most, 45 days in jail. He did not receive a hearing on the charges that might have supported a revocation. Yet, his probation was revoked. Instead of getting no more than 45 days in jail, Anthony is now serving the remainder of his 10-year sentence of imprisonment. And he is doing so without the benefit of a hearing at which the State would have been required to prove to the circuit court's reasonable satisfaction that *860 Anthony violated the terms of his probation by committing new offenses.
I respectfully dissent.