Rel: February 10, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2022-2023

————————————

## CR-2022-0665

————————————

## Lancaster DeShawn Lewis

### v.

### State of Alabama

### Appeal from Morgan Circuit Court
### (CC-15-798)

WINDOM, Presiding Judge.

AFFIRMED BY UNPUBLISHED MEMORANDUM.

Kellum and Cole, JJ., concur. Minor, J., concurs in part and dissents in part, with opinion, which McCool, J., joins.

MINOR, Judge, concurring in part and dissenting in part.

A jury convicted Lancaster DeShawn Lewis of trafficking in a synthetic controlled substance, see § 13A-12-231(12)(a), Ala. Code 1975. The circuit court sentenced Lewis as a habitual felony offender with two prior convictions—including a conviction for possession of cocaine—to life in prison.

The Drug Demand Reduction Assessment Act, § 13A-12-281, Ala. Code 1975, provides that every person convicted of a violation of an offense defined in §§ 13A-12-202, -203, -204, -211, -212, -213, -215, or -231, Ala. Code 1975, "shall be assessed for each offense an additional penalty fixed at one thousand dollars ($1,000) for a first offense and two thousand dollars ($2,000) for a second or subsequent offense." The record on appeal shows that the circuit court imposed a $1,000 drug-demand-reduction assessment for Lewis's conviction rather than the $2,000 assessment required because Lewis had a prior conviction for a drug offense.

In Siercks v. State, 154 So. 3d 1085 (Ala. Crim. App. 2013), this Court held that the drug-demand-reduction assessment is "not waivable," describing it as "mandatory and jurisdictional." This Court in

Hall v. State, 223 So. 3d 977, 982 (Ala. Crim. App. 2016), addressed a petitioner's claim in a Rule 32, Ala. R. Crim. P., petition alleging that his sentence was illegal because the circuit court had not imposed the drug-demand-reduction assessment. In response, the State asserted that the claim was precluded under Rule 32.2(a) because it could have been raised at trial or on appeal but was not. 223 So. 3d at 979. This Court agreed with the State and overruled Siercks "[t]o the extent that" Siercks held that such a claim (one alleging that the sentencing court did not impose the demand-reduction assessment) was not "subject to the grounds of preclusion set forth in Rule 32.2, Ala. R. Crim. P." Id. at 982. The per curiam opinion[1] reasoned that "[b]ecause the demand-reduction assessment is a 'mandatory' fine that is capable of being waived," the logic in Siercks was faulty in describing the fine as "jurisdictional." Id.

In a separate writing, Judge Joiner "explain[ed] [his] basis for" concurring in the per curiam opinion in Hall: "Stated simply, the Court's decision today overrules [Siercks] … only to the extent that [it held] that a circuit court's failure to impose a fine pursuant to the Demand Reduction Assessment Act is a 'jurisdictional' claim in the context of a

---

[1]Two judges dissented from the per curiam opinion in Hall.

Rule 32[, Ala. R. Crim. P.,] proceeding." 223 So. 3d at 982 (Joiner, J., concurring specially). Judge Joiner stated: "To be clear, this Court has not overruled <u>Siercks</u> with regard to claims <u>on direct appeal</u> alleging that the circuit court failed to impose a demand-reduction assessment." 223 So. 3d at 982 n.4.

I agree with the reasoning of the main opinion in <u>Hall</u> that the demand-reduction assessment is not a "jurisdictional" issue because it may be waived in some cases. But Lewis's case involves a direct appeal of his conviction and sentence, not an appeal from a Rule 32, Ala. R. Crim. P., proceeding. The circuit court's imposition of a $1,000 assessment shows that the assessment has not been waived. Because the record shows that the circuit court imposed an incorrect assessment, I would remand this case for the circuit court to impose the correct assessment.

Thus, I dissent from that part of the Court's judgment affirming the circuit court's imposition of a drug-demand-reduction assessment in the wrong amount. I concur in the rest of the Court's judgment.

McCool, J., concurs.